# EXHIBIT A

Case 4:17-cv-00892-O   Document 1-1   Filed 11/03/17   Page 2 of 99   PageID 7



**Tarrant County District Clerk Online**
Thomas A. Wilder, District Clerk

| Civil - Case and Transaction Information | | | | **11/3/17 9:09 AM** |
|---|---|---|---|---|

| Cause Number: | 153-294413-17 | | | Date Filed: 08-31-2017 |
|---|---|---|---|---|
| | GUY BAILEY | | VS | ALLSTATE VEHICLE AND |
| | | | | PROPERTY INSURANCE COMPANY, ET |

| Cause of Action: | CONTRACT, CONSUMER/DTPA |
|---|---|
| Case Status: | PENDING |

| File Mark | Description | | | Assessed Fee | Credit/Paid Fee |
|---|---|---|---|---|---|
| 08-31-2017 | PLTF'S ORIG PET | N | | 289.00 | |
| | | I | | | |
| 08-31-2017 | COURT COST (PAID) trans #1 | Y | | | 289.00 |
| 08-31-2017 | CIVIL INFO SHEET | | | | 0.00 |
| 08-31-2017 | EXHIBIT A (ATTACHED TO PLTF'S ORIG PET) | I | | | 0.00 |
| 08-31-2017 | LTR/E.LUCIO/RE: REQ FOR SVC (EMAILED) | I | | | 0.00 |
| 08-31-2017 | PLTF'S 1ST SET OF REQ FOR ADMISS TO DEFN (ATTACHED TO PLTF'S ORIG PET) | I | | | 0.00 |
| 08-31-2017 | PLTF'S REQ FOR PROD TO DEFN (ATTACHED TO PLTF'S ORIG PET) | I | | | 0.00 |
| 08-31-2017 | PLTF'S REQ FOR PROD TO DEFN JANET SMITH(ATTACHED TO PLTF'S ORIG PET) | I | | | 0.00 |
| 08-31-2017 | PLTF'S 1ST SET OF ROGS TO DEFN ALLSTATE VEHICLE & PROPERTY INS CO (ATTACHED TO PLTF'S ORIG PET) | I | | | 0.00 |
| 08-31-2017 | PLTF'S 1ST SET OF ROGS TO DEFN JANET SMITH (ATTACHED TO PLTF'S ORIG PET) | I | | | 0.00 |
| 08-31-2017 | JURY FEE | N | | 40.00 | |
| 08-31-2017 | COURT COST (PAID) trans #11 | Y | | | 40.00 |
| 08-31-2017 | CIT-ISSUED ON ALLSTATE VEHICLE AND PROPERTY INSURANCE-On 09/05/2017 | N | Svc | 8.00 | |
| 08-31-2017 | CIT-ISSUED ON JANET SMITH-On 09/05/2017 | N | Svc | 8.00 | |
| 08-31-2017 | COURT COST (PAID) trans #14 | Y | | | 8.00 |
| 08-31-2017 | COURT COST (PAID) trans #13 | Y | | | 8.00 |

| | | | |
|---|---|---|---|
| 10-12-2017 | MTN FOR NONSUIT W/O PREJ AS TO DEFN JANET SMITH | I | 0.00 |
| 10-12-2017 | PROP ORD | I | 0.00 |
| 10-12-2017 | AMD MTN FOR NONSUIT W/O PREJ | I | 0.00 |
| 10-12-2017 | PROP AMDED ORD | I | 0.00 |
| 10-12-2017 | CIT RTN/JANET SMITH | I | 0.00 |
| 10-12-2017 | CIT Tr# 14 RET EXEC(JANET SMITH) On 10/09/2017 | I | 0.00 |
| 10-18-2017 | **AMD ORD GRANT MTN FOR NONSUIT W/O PREJ(J.SMITH/ONLY) | I M | 0.00 |
| 10-20-2017 | CIT RTN/ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY | I | 0.00 |
| 10-20-2017 | CIT Tr# 13 RET EXEC(ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY) On 10/13/2017 | I | 0.00 |

**District Clerk's Office**

Tom Vandergriff Civil Courts Building

100 N. Calhoun St., 2nd Floor, Fort Worth, Texas 76196, Contact Us

Please send questions and comments regarding the District Clerk web site to District Clerk Webmaster

153-294413-17

FILED
TARRANT COUNTY
8/31/2017 6:48 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO._____

| | | |
|---|---|---|
| GUY BAILEY | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY AND | § | |
| JANET SMITH | § | TARRANT COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff GUY BAILEY, files this Original Petition against ALLSTATE VEHICLE AND

PROPERTY INSURANCE COMPANY ("ALLSTATE" or the "INSURANCE DEFENDANT"),

and JANET SMITH ("SMITH" or "ADJUSTER DEFENDANT" or herein collectively as

"DEFENDANTS") and in support thereof, would show as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules

of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore,

Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control

plan tailored to the particular circumstances of this suit.

### II.
### PARTIES AND SERVICE

Plaintiff resides in Tarrant County, Texas.

Defendant ALLSTATE is in the business of insurance in the State of Texas. The insurance

business done by INSURANCE DEFENDANT in Texas includes, but is not limited to, the

following:

1

- The making and issuing of contracts of insurance with the Plaintiff;

- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

This defendant may be served with personal process, by a process server, by serving its registered agent CT Corporation, 1999 Bryan Street Suite 900, Dallas, Texas 75201, or wherever else it may be found.

Defendant, Janet Smith, is an individual residing in and domiciled in the State of Texas. This defendant may be served with personal process via personal service at, 5022 Highway 90A, Suite S, Sugarland, Texas 77498 or wherever else she may be found.

### III.
### JURISDICTION AND VENUE

Venue is appropriate in Tarrant County, Texas because all or part of the conduct giving rise to the causes of action were committed in Tarrant County, Texas and the Plaintiff and property which is the subject of this suit are located in Tarrant County, Texas.

Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

### IV.
### FACTS

Plaintiff is the owner of a Texas Homeowner's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by INSURANCE DEFENDANT.

Plaintiff owns the insured property, which is specifically located at, 1011 Tanglewood Drive, Mansfield, Texas 76063,   (hereinafter referred to as "the Property").

2

INSURANCE DEFENDANT sold the Policy insuring the Property to Plaintiff.

During the terms of said Policy, on or about March 23, 2016 under Policy No. 000829850527 and Claim No. 0438921488, Plaintiff sustained covered losses in the form of wind and/or hail damage and damages resulting therefrom, and Plaintiff timely reported same pursuant to the terms of the Policy. Plaintiff asked that INSURANCE DEFENDANT cover the cost of repairs to the Property pursuant to the Policy. However, DEFENDANTS failed to conduct a full, fair and adequate investigation of Plaintiff's covered damages, which is evidenced by the estimate and report completed by Janet Smith and fully adopted by Allstate Vehicle and Property Insurance Company. [1]

As detailed in the paragraphs below, INSURANCE DEFENDANT wrongfully denied Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, INSURANCE DEFENDANT failed to pay Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff.

To date, INSURANCE DEFENDANT continues to delay in the payment for the damages to the Property, which originated in Adjuster Defendant's failure to effectuate a prompt, fair, and equitable resolution of the claim.

INSURANCE DEFENDANT failed to perform its contractual duty to adequately compensate Plaintiff under the terms of their Policy. Specifically, INSURANCE DEFENDANT refused to pay the full proceeds of the Policy after its agent, ADJUSTER DEFENDANT conducted an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiff.

---

[1] *See Plaintiff's Exhibit A,* a true and correct copy of Janet's Smith's estimate dated December 31, 2016.

INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff.

Pleading further, INSURANCE DEFENDANT misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. INSURANCE DEFENDANT'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Its conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT failed to explain to Plaintiff any valid reason for its coverage denial and offer of an inadequate settlement. Specifically, it failed to offer Plaintiff full compensation, without any valid explanation why full payment was not being made. Furthermore, INSURANCE DEFENDANT did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. INSURANCE DEFENDANT conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

Further, INSURANCE DEFENDANT failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiff's claim and, to date, Plaintiff has not received full payment for the claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

From and after the time Plaintiff's claim was presented to INSURANCE DEFENDANT, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing.

Additionally, INSURANCE DEFENDANT knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

Because of INSURANCE DEFENDANT'S wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

## V.

## CAUSES OF ACTION AGAINST INSURANCE DEFENDANT

### A.    BREACH OF CONTRACT

INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff. Defendant's failure and/or refusal, as described above, to pay Plaintiff adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

### B.    NONCOMPLIANCE WITH TEXAS INSURANCE CODE:

#### 1.    UNFAIR SETTLEMENT PRACTICES

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: TX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

6

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### 2.    THE PROMPT PAYMENT OF CLAIMS

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

INSURANCE DEFENDANT'S failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

INSURANCE DEFENDANT'S failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT'S delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### C.    BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

INSURANCE DEFENDANT'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## VI.
## CAUSES OF ACTION AGAINST ADJUSTER DEFENDANT

### A.   NONCOMPLIANCE WITH TEXAS INSURANCE CODE

Plaintiff re-alleges the foregoing paragraphs.   At all pertinent times, SMITH, the ADJUSTER DEFENDANT, was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of the ADJUSTER DEFENDANT and his agents constitute one or more violations of the Texas Insurance Code.  More specifically, the ADJUSTER DEFENDANT has, among other violations, violated the following provisions of the Code:

    1.   Insurance Code § 542.003(b)(5) and 28 TAC 21.203(5).

    2.   Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiff to settle the claim with respect to another portion of the policy;

- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims;

- refusing to affirm or deny coverage within a reasonable time;

- refusing to conduct a reasonable investigation;

- ignoring damage known to be covered by the Policy; and/or

- conducting an outcome-oriented investigation in order to provide INSURANCE DEFENDANT with a basis to underpay the claim.

The foregoing paragraphs are incorporated herein. The INSURANCE DEFENDANT assigned the loss and the claim to  who was at all pertinent times the agent of the INSURANCE DEFENDANT, through both actual and apparent authority. The acts, representations and omissions of the ADJUSTER DEFENDANT are attributed to the INSURANCE DEFENDANT.

ADJUSTER DEFENDANT inspected Plaintiff's property on or about December 30, 2016. During the inspection, ADJUSTER DEFENDANT was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including determining the cause of and then quantifying all of the damage done to Plaintiff's property. During the inspection, ADJUSTER DEFENDANT ignored covered damages to the Property and refused to address all of the damages caused by the loss. Specifically, SMITH, ignored covered damages including but not limited to the roof, interior, and exterior.[2] Subsequent to the inspection, ADJUSTER DEFENDANT prepared a repair estimate, completed on or about December 31, 2016, which vastly under-scoped the actual covered damages to the property, thus demonstrating ADJUSTER DEFENDANT did not conduct a thorough investigation of the claim.

Despite having been assigned the claim, and despite being given authority and instructions to inspect, adjust and evaluate the claim, the ADJUSTER DEFENDANT failed and refused to properly adjust the claim. The ADJUSTER DEFENDANT failed to properly inspect the property and the damages, failed to request information, failed to adequately investigate the claim, failed to respond to requests for information from the Plaintiff, failed to timely evaluate the claim, failed to timely and properly estimate the claim, and failed to timely and properly report to the

---

[2] Id.

INSURANCE DEFENDANT and make recommendations to the INSURANCE DEFENDANT to address all the covered damages.

The Plaintiff provided information regarding the loss and the claim to the ADJUSTER DEFENDANT. The Plaintiff allowed the ADJUSTER DEFENDANT full and complete access to the property. The Plaintiff provided sufficient information to the ADJUSTER DEFENDANT to adjust and evaluate the loss. The Plaintiff made inquiries regarding the status of the loss and payment, but the ADJUSTER DEFENDANT failed and refused to respond to the inquiries and failed to properly adjust the claim and the loss. As a result of the ADJUSTER DEFENDANT'S inadequate and outcome-oriented investigation, to date, Plaintiff has not received full payment for the claim.

The ADJUSTER DEFENDANT'S actions were negligent, reckless, willful and intentional, and were the proximate and producing cause of damages to the Plaintiff.

Where statements were made by the ADJUSTER DEFENDANT, Plaintiff reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code.

## VII.
## KNOWLEDGE

Each of the acts described above, together and singularly, was done "knowingly" by DEFENDANTS as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

10

## VIII.
## DAMAGES

Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff.

As previously mentioned, the damages caused by the covered losses have not been properly addressed or repaired in the months since the loss occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of DEFENDANTS' mishandling of Plaintiff's claim in violation of the laws set forth above.

For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore,

Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## IX.

In addition, as to any exclusion, condition, or defense pled by DEFENDANTS, Plaintiff would show that:

The clear and unambiguous language of the policy provides coverage for damage caused by losses made the basis of Plaintiff's claim, including the cost of access to fix the damages;

In the alternative, any other construction of the language of the policy is void as against public policy;

Any other construction and its use by the DEFENDANTS violate the Texas Insurance Code section 541 et. seq. and is void as against public policy;

Any other construction violates Art. 17.50 of the Texas Business and Commerce Code and is unconscionable and is void as against public policy and was procured by fraudulent inducement;

Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiff;

In the alternative, DEFENDANTS are judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring information.

## X.
## REQUEST FOR DISCLOSURES

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that DEFENDANTS

provide the information required in a Request for Disclosure.

## XI.
## FIRST REQUEST FOR PRODUCTION TO INSURANCE DEFENDANT

1) Produce the INSURANCE DEFENDANT's complete claim file (excluding all privileged portions) in your possession for Plaintiff's property relating to or arising out of any damages caused by the loss for which INSURANCE DEFENDANT opened a claim under the Policy. Please produce a privilege log for any portions withheld on a claim of privilege.

2) Produce all non-privileged emails and other forms of communication between INSURANCE DEFENDANT, its agents, adjusters, employees, or representatives and the adjuster, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit.

3) Produce any complete claim file (excluding all privileged portions) in the INSURANCE DEFENDANT's possession for the Plaintiff/insured and/or for the Plaintiff's property as listed in the Plaintiff's Original Petition, relating to or arising out of any claim for damages which INSURANCE DEFENDANT opened a claim under any policy. Please produce a privilege log for any portions withheld on a claim of privilege.

## XII.
## FIRST REQUEST FOR PRODUCTION TO ADJUSTER DEFENDANT

1) Produce ADJUSTER DEFENDANT's complete claim or adjusting file for Plaintiff's property. Please produce a privilege log for any portions withheld on a claim of privilege.

2) Produce all emails and other forms of communication between INSURANCE DEFENDANT, its agents, adjusters, employees, or representatives and the ADJUSTER DEFENDANT, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit. This includes any correspondence or communications related to the Plaintiff's property, whether related to this claim or any other claim in the INSURANCE DEFENDANT'S possession. Please produce a privilege log for any items withheld on a claim of privilege.

13

## XIII.

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief, the maximum of which is over $100,000 but not more than $200,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

**[CONTINUED ON NEXT PAGE]**

14

## XIV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that DEFENDANTS be cited to appear and answer herein; that, on final hearing, Plaintiff have judgment against DEFENDANTS for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against the INSURANCE DEFENDANT, to which Plaintiff may be justly entitled.

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone:    (210) 490-7402
Facsimile:    (210) 490-8372

BY:  */s/Jake S. Rogiers*
Robert A. Pollom
State Bar No. 24041703
robert@krwlawyers.com
Jake Rogiers
State Bar No. 24069066
jake@krwlawyers.com

ATTORNEYS FOR PLAINTIFF

**PLAINTIFF REQUESTS A TRIAL BY JURY**

15

**National Catastrophe Team**   153-294413-17

P.O. Box 672041
Dallas, Texas 75267
Phone: (800) 547-8676
Fax: (888) 859-3946

| | | | |
|---|---|---|---|
| Insured: | GUY BAILEY | Home: | (817) 312-3908 |
| Property: | 1011 TANGLEWOOD DR | E-mail: | BAILEYFAB5@SBCGLOBAL. |
| | MANSFIELD, TX 76063-7645 | | NET |
| Home: | 1011 TANGLEWOOD DR | | |
| | MANSFIELD, TX 76063-7645 | | |

| | | | |
|---|---|---|---|
| Claim Rep.: | Janet Smith | Business: | (800) 547-8676 |
| Estimator: | Janet Smith | Business: | (800) 547-8676 |

**Claim Number:** 0438921488        **Policy Number:** 000829850527        **Type of Loss:** Hail

| | | | |
|---|---|---|---|
| Date Contacted: | 12/29/2016 | | |
| Date of Loss: | 3/23/2016 4:00 AM | Date Received: | 12/12/2016 9:51 AM |
| Date Inspected: | 12/30/2016 | Date Entered: | 12/17/2016 11:19 AM |
| Date Est. Completed: | 12/31/2016 12:32 PM | | |

| | |
|---|---|
| Price List: | TXDF8X_DEC16 |
| | Restoration/Service/Remodel |
| Estimate: | GUY_BAILEY |

Allstate is dedicated to providing you with outstanding service throughout the claim-handling process. If you have any questions regarding this estimate, or if there are differences with the estimate provided by your repair person of choice, or if additional damage is found during the repair process, please contact us at (800) 547-8676 or email us at claims@claims.allstate.com. If you are emailing us, please include the Claim Number in the subject line.

Thank you,
Janet Smith

*(Paul Howard)*

# *EXHIBIT A*

## National Catastrophe Team

P.O. Box 672041
Dallas, Texas 75267
Phone: (800) 547-8676
Fax: (888) 859-3946

### GUY_BAILEY

#### Source - Eagle View

### Front Elevation

| DESCRIPTION | QUANTITY | UNIT | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|
| 1. R&R Glazing bead - Vinyl | 23.00 LF | 1.57 | 36.11 | 0/18 yrs | Avg. | 0% | (0.00) | 36.11 |
| 2. R&R Window screen, 10 - 16 SF | 4.00 EA | 46.87 | 187.48 | 0/30 yrs | Avg. | 0% | (0.00) | 187.48 |
| Totals: Front Elevation | | | 223.59 | | | | 0.00 | 223.59 |



### Left Elevation

84.00 SF Walls
96.00 SF Long Wall
12.00 LF Ceil. Perimeter

**Formula Elevation 12' x 8' x 0"**

12.00 LF Floor Perimeter
96.00 SF Short Wall

**Missing Wall - Goes to neither Floor/Ceiling    3' X 4'**          **Opens into Exterior**



### Subroom 1: lower

144.00 SF Walls
144.00 SF Long Wall
16.00 LF Ceil. Perimeter

**Formula Elevation 16' x 9' x 0"**

16.00 LF Floor Perimeter
144.00 SF Short Wall

| DESCRIPTION | QUANTITY | UNIT | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|
| 3. Comb and straighten a/c condenser fins - with trip charge | 1.00 EA | 155.07 | 155.07 | 0/NA | Avg. | 0% | (0.00) | 155.07 |
| 4. R&R Window screen, 10 - 16 SF | 1.00 EA | 46.87 | 46.87 | 0/30 yrs | Avg. | 0% | (0.00) | 46.87 |
| 5. R&R Glazing bead - Vinyl | 7.00 LF | 1.57 | 10.99 | 0/18 yrs | Avg. | 0% | (0.00) | 10.99 |
| 6. Clean the walls | 228.00 SF | 0.27 | 61.56 | 0/NA | Avg. | 0% | (0.00) | 61.56 |
| 7. Seal & paint wood siding | 228.00 SF | 0.97 | 221.16 | 0/15 yrs | Avg. | 0% | (0.00) | 221.16 |
| Totals: Left Elevation | | | 495.65 | | | | 0.00 | 495.65 |

### Rear Elevation

GUY_BAILEY                                               12/31/2016          Page: 2

## National Catastrophe Team

P.O. Box 672041
Dallas, Texas 75267
Phone: (800) 547-8676
Fax: (888) 859-3946

| DESCRIPTION | QUANTITY | UNIT | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|
| 8. R&R Glazing bead - Vinyl | 19.00 LF | 1.57 | 29.83 | 0/18 yrs | Avg. | 0% | (0.00) | 29.83 |
| 9. R&R Window screen, 10 - 16 SF | 3.00 EA | 46.87 | 140.61 | 0/30 yrs | Avg. | 0% | (0.00) | 140.61 |
| **Totals: Rear Elevation** | | | **170.44** | | | | **0.00** | **170.44** |

### Fencing

| DESCRIPTION | QUANTITY | UNIT | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|
| 10. Clean the surface area | 352.00 SF | 0.27 | 95.04 | 0/NA | Avg. | 0% | (0.00) | 95.04 |
| 11. Seal & paint - wood fence/gate | 352.00 SF | 0.81 | 285.12 | 4/15 yrs | Avg. | 26.67% | <76.03> | 209.09 |
| **Totals: Fencing** | | | **380.16** | | | | **76.03** | **304.13** |

### Gutters

| DESCRIPTION | QUANTITY | UNIT | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|
| 12. R&R Gutter / downspout - aluminum - up to 5" | 38.00 LF | 4.87 | 185.06 | 0/25 yrs | Avg. | 0% | (0.00) | 185.06 |
| 13. Haul debris - per pickup truck load - including dump fees | 0.50 EA | 117.44 | 58.72 | 0/NA | Avg. | NA | (0.00) | 58.72 |
| **Totals: Gutters** | | | **243.78** | | | | **0.00** | **243.78** |
| **Total: Source - Eagle View** | | | **1,513.62** | | | | **76.03** | **1,437.59** |

### Labor Minimums Applied

| DESCRIPTION | QUANTITY | UNIT | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|
| 14. Window labor minimum* | 1.00 EA | 44.24 | 44.24 | 0/NA | Avg. | 0% | (0.00) | 44.24 |
| 15. Gutter labor minimum* | 1.00 EA | 89.68 | 89.68 | 0/NA | Avg. | 0% | (0.00) | 89.68 |
| **Totals: Labor Minimums Applied** | | | **133.92** | | | | **0.00** | **133.92** |
| **Line Item Totals: GUY_BAILEY** | | | **1,647.54** | | | | **76.03** | **1,571.51** |

[%] - Indicates that depreciate by percent was used for this item

[M] - Indicates that the depreciation percentage was limited by the maximum allowable depreciation for this item

GUY_BAILEY                                                                    12/31/2016          Page: 3

**National Catastrophe Team**

P.O. Box 672041
Dallas, Texas 75267
Phone: (800) 547-8676
Fax: (888) 859-3946

## Grand Total Areas:

| | | | | | |
|---|---|---|---|---|---|
| 228.00 | SF Walls | 0.00 | SF Ceiling | 228.00 | SF Walls and Ceiling |
| 0.00 | SF Floor | 0.00 | SY Flooring | 28.00 | LF Floor Perimeter |
| 240.00 | SF Long Wall | 240.00 | SF Short Wall | 28.00 | LF Ceil. Perimeter |
| | | | | | |
| 0.00 | Floor Area | 0.00 | Total Area | 0.00 | Interior Wall Area |
| 1,838.40 | Exterior Wall Area | 0.00 | Exterior Perimeter of Walls | | |
| | | | | | |
| 4,400.87 | Surface Area | 44.01 | Number of Squares | 866.16 | Total Perimeter Length |
| 112.58 | Total Ridge Length | 171.32 | Total Hip Length | | |

| Coverage | Item Total | % | ACV Total | % |
|---|---|---|---|---|
| AA-Dwelling | 1,267.38 | 76.93% | 1,315.13 | 80.52% |
| A9-Dwelling - Mold | 0.00 | 0.00% | 0.00 | 0.00% |
| BB-Other Structures | 380.16 | 23.07% | 318.24 | 19.48% |
| B9-Other Structures - Mold | 0.00 | 0.00% | 0.00 | 0.00% |
| CC-Unscheduled Personal Property | 0.00 | 0.00% | 0.00 | 0.00% |
| C9-Unscheduled Personal Property - Mold | 0.00 | 0.00% | 0.00 | 0.00% |
| DD-Additional Living Expense | 0.00 | 0.00% | 0.00 | 0.00% |
| D9-Additional Living Expense - Mold | 0.00 | 0.00% | 0.00 | 0.00% |
| DB-Debris Removal | 0.00 | 0.00% | 0.00 | 0.00% |
| FF-Fire Department Service Charge | 0.00 | 0.00% | 0.00 | 0.00% |
| ML-Motorized Land Vehicle | 0.00 | 0.00% | 0.00 | 0.00% |
| RG-Residence Glass | 0.00 | 0.00% | 0.00 | 0.00% |
| RS-Roof Surfaces Extended Coverage | 0.00 | 0.00% | 0.00 | 0.00% |
| VP-Motorized Land Vehicle Parts, Equipment or Accessories | 0.00 | 0.00% | 0.00 | 0.00% |
| XX-Liability | 0.00 | 0.00% | 0.00 | 0.00% |
| X9-Liability - Mold | 0.00 | 0.00% | 0.00 | 0.00% |
| YY-Guest Medical | 0.00 | 0.00% | 0.00 | 0.00% |
| Y9-Guest Medical - Mold | 0.00 | 0.00% | 0.00 | 0.00% |
| Total | 1,647.54 | 100.00% | 1,633.37 | 100.00% |

GUY_BAILEY

## National Catastrophe Team

P.O. Box 672041
Dallas, Texas 75267
Phone: (800) 547-8676
Fax:  (888) 859-3946

### Summary for
### AA-Dwelling
### Summary for All Items

| | | |
|---|---|---:|
| Line Item Total | | 1,267.38 |
| Material Sales Tax | | 42.47 |
| Cleaning Mtl Tax | | 0.19 |
| Cleaning Sales Tax | | 5.09 |
| **Replacement Cost Value** | | **$1,315.13** |
| Less Non-recoverable Depreciation | | <0.00> |
| **Actual Cash Value** | | **$1,315.13** |
| Less Deductible | [Full Deductible = 6,400.76] | (1,315.13) |
| **Net Claim** | | **$0.00** |

Janet Smith.

## National Catastrophe Team

P.O. Box 672041
Dallas, Texas 75267
Phone: (800) 547-8676
Fax: (888) 859-3946

### Summary for
### BB-Other Structures
### Summary for All Items

| | |
|---|---|
| Line Item Total | 380.16 |
| Material Sales Tax | 8.13 |
| Cleaning Mtl Tax | 0.29 |
| Cleaning Sales Tax | 7.86 |
| **Replacement Cost Value** | **$396.44** |
| Less Non-recoverable Depreciation | <78.20> |
| **Actual Cash Value** | **$318.24** |
| Less Deductible | (318.24) |
| **Net Claim** | **$0.00** |

Janet Smith

## National Catastrophe Team

P.O. Box 672041
Dallas, Texas 75267
Phone: (800) 547-8676
Fax: (888) 859-3946

### Recap of Taxes

|  | Material Sales Tax (8.25%) | Cleaning Mtl Tax (8.25%) | Cleaning Sales Tax (8.25%) | Manuf. Home Tax (5%) | Storage Rental Tax (8.25%) |
|---|---|---|---|---|---|
| Line Items | 50.60 | 0.48 | 12.95 | 0.00 | 0.00 |
| Total | 50.60 | 0.48 | 12.95 | 0.00 | 0.00 |

**National Catastrophe Team**

P.O. Box 672041
Dallas, Texas 75267
Phone: (800) 547-8676
Fax: (888) 859-3946

## Recap by Room

**Estimate: GUY_BAILEY**

**Area: Source - Eagle View**

| | | | |
|---|---|---:|---:|
| Front Elevation | | 223.59 | 13.57% |
| Coverage: AA-Dwelling | 100.00% = | 223.59 | |
| Left Elevation | | 495.65 | 30.08% |
| Coverage: AA-Dwelling | 100.00% = | 495.65 | |
| Rear Elevation | | 170.44 | 10.35% |
| Coverage: AA-Dwelling | 100.00% = | 170.44 | |
| Fencing | | 380.16 | 23.07% |
| Coverage: BB-Other Structures | 100.00% = | 380.16 | |
| Gutters | | 243.78 | 14.80% |
| Coverage: AA-Dwelling | 100.00% = | 243.78 | |
| **Area Subtotal:  Source - Eagle View** | | **1,513.62** | **91.87%** |
| Coverage: AA-Dwelling | 74.88% = | 1,133.46 | |
| Coverage: BB-Other Structures | 25.12% = | 380.16 | |
| **Labor Minimums Applied** | | **133.92** | **8.13%** |
| Coverage: AA-Dwelling | 100.00% = | 133.92 | |
| **Subtotal of Areas** | | **1,647.54** | **100.00%** |
| Coverage: AA-Dwelling | 76.93% = | 1,267.38 | |
| Coverage: BB-Other Structures | 23.07% = | 380.16 | |
| **Total** | | **1,647.54** | **100.00%** |

**National Catastrophe Team**

P.O. Box 672041
Dallas, Texas 75267
Phone: (800) 547-8676
Fax: (888) 859-3946

### Recap by Category with Depreciation

| Items | | | RCV | Deprec. | ACV |
|---|---|---|---|---|---|
| **CLEANING** | | | **156.60** | | **156.60** |
| Coverage: AA-Dwelling | @ | 39.31% = | 61.56 | | |
| Coverage: BB-Other Structures | @ | 60.69% = | 95.04 | | |
| **GENERAL DEMOLITION** | | | **109.18** | | **109.18** |
| Coverage: AA-Dwelling | @ | 100.00% = | 109.18 | | |
| **HEAT, VENT & AIR CONDITIONING** | | | **155.07** | | **155.07** |
| Coverage: AA-Dwelling | @ | 100.00% = | 155.07 | | |
| **PAINTING** | | | **506.28** | **76.03** | **430.25** |
| Coverage: AA-Dwelling | @ | 43.68% = | 221.16 | | |
| Coverage: BB-Other Structures | @ | 56.32% = | 285.12 | | |
| **SOFFIT, FASCIA, & GUTTER** | | | **260.30** | | **260.30** |
| Coverage: AA-Dwelling | @ | 100.00% = | 260.30 | | |
| **WINDOW REGLAZING & REPAIR** | | | **415.87** | | **415.87** |
| Coverage: AA-Dwelling | @ | 100.00% = | 415.87 | | |
| **WINDOWS - WOOD** | | | **44.24** | | **44.24** |
| Coverage: AA-Dwelling | @ | 100.00% = | 44.24 | | |
| **Subtotal** | | | **1,647.54** | **76.03** | **1,571.51** |
| **Material Sales Tax** | | | **50.60** | **2.17** | **48.43** |
| Coverage: AA-Dwelling | @ | 83.93% = | 42.47 | | |
| Coverage: BB-Other Structures | @ | 16.07% = | 8.13 | | |
| **Cleaning Mtl Tax** | | | **0.48** | | **0.48** |
| Coverage: AA-Dwelling | @ | 39.58% = | 0.19 | | |
| Coverage: BB-Other Structures | @ | 60.42% = | 0.29 | | |
| **Cleaning Sales Tax** | | | **12.95** | | **12.95** |
| Coverage: AA-Dwelling | @ | 39.31% = | 5.09 | | |
| Coverage: BB-Other Structures | @ | 60.69% = | 7.86 | | |
| **Total** | | | **1,711.57** | **78.20** | **1,633.37** |

Depending upon the circumstances of your loss, our estimate may or may not include an amount for general contractor's overhead and profit. If you have questions regarding general contractor's overhead and profit and whether the services of a general contractor are appropriate for your loss, please contact your claim representative before proceeding with repairs.

Specialized skill, licensing or certification may be needed of any contractor(s) that you retain, for instance, to identify the presence and nature of any potential contaminants, toxins, pollutants, or other hazards that may be encountered during the course of the work, or to utilize appropriate work practices and procedures during the course of the work. Check with your local or State public health or environmental agency regarding potential hazards, including contractor qualifications and other requirements. For your safety, it is prudent to avoid areas where damaged structures, materials or unknown substances may be present, and to not disturb such structures, material, or unknown substances until your contractors have inspected the work site.

**National Catastrophe Team**

P.O. Box 672041
Dallas, Texas 75267
Phone: (800) 547-8676
Fax: (888) 859-3946

The suggestions above are provided only for your consideration. They in no way supplement, alter or modify your existing coverage. Your insurance policy is the legal contract that contains the terms and limitations of your coverage.
If you have any concerns about the grade of flooring on your estimate, you may take advantage of a free service that will provide you with a more specific analysis. To use this option, please keep a 12" x 12" sample of your damaged flooring, and notify your Allstate adjuster that you would like the additional analysis.

Source - Eagle View - Source - Eagle View





Source - Eagle View

153-294413-17

CAUSE NO._____

| | | |
|---|---|---|
| GUY BAILEY | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY AND | § | |
| JANET SMITH | § | TARRANT COUNTY, TEXAS |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS TO
DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**

TO:    ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, by and through its
registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

Pursuant to the Texas Rules of Civil Procedure, Plaintiff hereby serves its First Set of Requests for

Admissions to Defendant, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

(hereinafter referred to as "Defendant"), and requests that it answer each request separately, fully and in

writing on or before fifty (50) days after service of these requests.

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone:    (210) 490-7402
Telefacsimile: (210) 490-8372

BY:    /s/ Robert A. Pollom
ROBERT A. POLLOM
State Bar No. 24041703
robert@krwlawyers.com
JAKE ROGIERS
State Bar No. 24069066
jake@krwlawyers.com
ATTORNEYS FOR PLAINTIFF

Page 1 of 10

## INSTRUCTIONS

1.      Answer each request for documents separately by listing the documents and by describing them as defined below. If documents are numbered for production, in each response provide both the information that identifies the document and the document's number(s). There is a duty to supplement any answer made to the request for documents when the original answer is no longer true, or was incorrect or incomplete when made.

2.      For each document or other requested information that you assert is privileged or is not discoverable, identify that document or other requested information. State the specific grounds for the claim of privilege or other applicable ground for exclusion. Also, for each document you claim is not discoverable, state the date of the document, the name, job title, and address of the person who prepared it; the name, address and job title of the person to whom it was addressed, circulated, or who saw it; the name, job title, and address of the person now in possession of the document; a description of the subject matter of the document; the document's present location; and the custodian for the document.

3.      For a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence or could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

4.      The documents produced pursuant to the following requests for documents are considered to be authentic unless a proper objection is asserted as to the documents' authenticity under the Texas Rules of Civil Procedure.

## DEFINITIONS

The following definitions shall have the following meanings, unless the context of the requests for documents require otherwise:

1.     "PLAINTIFF'" means GUY BAILEY, along with his family members, agents, representatives, and all other persons acting in concert with him, or under his control, whether directly or indirectly, including any attorney.

2.     "DEFENDANT," means ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, along with its agents, representatives, and all other persons acting in concert with it, or under its control, whether directly or indirectly, including any attorney.

3.     "DOCUMENT," "DOCUMENTS" and "DOCUMENTATION" are used in their broadest sense and mean all written, printed, typed, recorded, or graphic matter of every kind and description, source and authorship, both originals and all nonidentical copies thereof, and all written, printed, typed, recorded, or graphic matter of every kind and description, both originals and copies, and all attachments and appendices thereto, in your possession, custody or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative or private entity or person. Without limiting the foregoing, the terms "document" and "documents" include handwritten, typewritten, printed, photocopied, photographic or recorded, stenographic, computer-generated, computer-installed or electronically stored matters, however and by whomever produced, prepared, reproduced, disseminated or made, and includes communications in words, symbols, pictures, sound recordings, films, tapes and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instruction and other materials necessary to understand and use such systems. For purposes of illustration and no limitation, "documents" includes: accounts; advertising; affidavits; agendas; agreements; analyses; analytical records; announcements; appointment books; appraisals; articles; bills; statements and other records of obligations and expenditures; books; brochures; bulletins; calendars; checks; cancelled checks, vouchers, receipts and other records of payments; charts, drawings; check registers; checkbooks; circulars; collateral files and contents; communications; compilations; confirmations; consultant's reports; contracts; corporate by-laws; corporate charters; correspondence; credit files and contents; data compilations from which information can be obtained (including matter used in data processing); deeds of trust; deposit slips, diaries, diary entries; drafts; envelopes; folders or similar containers; expense reports; facsimile transmissions; files; film tape; financial statements; forecasts; graphs; guaranty agreements; instructions, invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; letters of credit; lists; log books; logs, notes or memoranda of telephonic or face-to-face conversations; manuals; maps, marginal notations; memoranda of all kinds to and from any persons, agencies or entities; messages; microfilm; microfiche; minutes; minute books; notes; notebooks; notices; pamphlets; parts lists; papers; photographs, press releases; printed

matter (including published books, articles, speeches and newspaper clippings); printouts; programs; punch cards; purchase orders; receipts; recommendations; records; records of administrative, technical and financial actions taken or recommenced; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; sell orders; sound recordings; specifications; speeches; statement of bank accounts; statements, interviews; statistical data; statistical statements, stock transfer ledger; studies; surveys; tables; tabulations; tape or disk recordings; tape programs; technical and engineering reports, evaluations; advice; recommendations; commentaries; conclusions; studies; test plans; manuals; procedures; data; reports; results and conclusions; summaries, minutes, notes and other records and recording of any conference, meetings, visits, negotiations, statement, interviews or telephone conversations; other summaries; telegrams; teletypes, telexes and other communications sent or received; time records; telephone bills or records; trade letters; transcripts of hearings; transcripts of testimony; UCC instruments; video recordings; visitor records; vouchers; work assignments; work sheets; work papers; and all other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored or electronically stored matter, however or by whomever produced, prepared, reproduced, disseminated or made, the contents of which relate to, discuss, consider or otherwise refer to the subject matter of the particular discovery requested.

4.      "PERSON" includes individuals, associates of individuals, partnerships, joint-stock companies, corporations, or trustee or receiver of an individual, association of individuals, joint-stock company or corporation, and any other type of entity or institution, whether formed for business or any other purposes.

5.      "PARTY" shall mean any party whomsoever to the dispute, and includes each party's agents, employees, attorneys, representatives, predecessors, successors, affiliates, partners, officers, directors, principals and any and all other persons acting or purporting to act on the party's behalf or under the party's control. For purposes of the duty to supplement, the term also includes entities, which become parties subsequent to the date this request for documents is served.

6.      "RELATING TO" and or "RELATES TO" means in whole or in part constituting, containing, concerning, embodying, reflecting, describing, analyzing, identifying, stating, referring to, or dealing with, or in any way pertaining to.

7.      "CONCERNING" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, and constituting.

8.      "COMMUNICATION" means the transmission, sending and/or receipt of information of any kind by or through any means, including but not limited to speech, writings, language (machine, foreign or otherwise), computer electronics of any kind (e.g., email), magnetic tape, videotape, photographs, graphs, symbols, signs, magnetic or optical disks, "floppy disks", CD-ROM disks, sound, radio or video signals, telecommunication, telephone teletype, facsimile, telegraph, microfilm, microfiche, photographic film of any type and other media of any kind. The term "communication" also includes, without limitations, all "records" (as hereafter defined) and all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, notices, requests, responses, demands, complaints, and press, publicity or trade releases.

9.     "RECORD(S)" means all documents and writings of any kind, and all communications (as defined above) which are stored or retrievable or recorded in any manner, including originals and all non-identical copies whether different from the originals by notation made on such copies or otherwise, all drafts, alterations, modifications, changes and amendments, graphic or any electronic or mechanical records or representation of any kind, created during the period 2000 to present. Any electronic records or computer data which may exist shall be produced in ASCii comma delimited to fixed length filed format and shall include all files, records, instructions, codes or other information necessary to retrieve the data. Electronic data should be produced in Microsoft Access 95 or Microsoft Access 95, 97 or.2000 (MDB) formal, Dbase (DU) format, Excel (xls) format or ASCii comma delimited or fixed length format (txt) and shall include all file, record and field format definitions and the instructions, codes or information necessary to retrieve the data. Such electronic data should be provided on one of the following media. Zip disk, Jaz disk, CD-ROM or 3.5" floppy disk.

10.     "DATE" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

11.     "DESCRIBE" and "IDENTIFY," when referring to a person, require statements of the following:

a      The full name.
b.     The present or last known residential address.
c.     The present or last known residential and office telephone numbers.
d.     The present occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular request.
e.     In the case of any person other than an individual, identify the officer, employee, or agent most closely connected with the subject matter of the request and identify the officer who is responsible for supervising that officer or employee.

12.     "DESCRIBE" and IDENTIFY," when referring to a document, are defined to require that you state the following:

a.     The nature (e.g., letter, handwritten note) of the document
b.     The title or heading that appears on the document
c      The date of the document and the date of each addendum supplement, or other addition or change.
d      The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.

e      The present location of the document, and the name, address, position, or title, and telephone number of the person or person having custody of the document.

13.     The words "AND" and "OR" should be construed either conjunctively or disjunctively as required by the context to bring within the scope of these discovery requests any answer, response or document that might be deemed outside its scope by another construction.

14. "PERTAINS TO" or "PERTAINING TO" means relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, supports, corroborates, demonstrates, proves, evidences, shows, reflects, refutes, disputes, rebuts, controverts or contradicts.

15. "RESIDENCE" and/or "PROPERTY" refers to the home located at 1011 Tanglewood Drive, Mansfield, Texas 76063.

## PLAINTIF'S FIRST SET OF ADMISSIONS TO DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

**REQUEST FOR ADMISSION NO. 1**
Defendant's principal place of business is in Texas.

**REQUEST FOR ADMISSION NO. 2**
Defendant conducts the business of insurance in Texas.

**REQUEST FOR ADMISSION NO. 3**
Defendant insured Plaintiff's property that makes the basis of this lawsuit.

**REQUEST FOR ADMISSION NO. 4**
Defendant insured Plaintiff's property against wind and hail damage.

**REQUEST FOR ADMISSION NO. 5**
Plaintiff's property sustained wind damage as a result of the windstorm that makes the basis of this lawsuit.

**REQUEST FOR ADMISSION NO. 6**
Plaintiff's roof sustained wind damage as a result of the windstorm that makes the basis of this lawsuit.

**REQUEST FOR ADMISSION NO. 7**
The windstorm created openings in Plaintiff's roof whereby water leaked into the interior of Plaintiff's Property causing damage.

**REQUEST FOR ADMISSION NO. 8**
As a result of water leaking into Plaintiff's Property, Plaintiff's personal property was damaged.

**REQUEST FOR ADMISSION NO. 9**
The exterior of Plaintiff's Property sustained wind damage as a result of the windstorm that makes the basis of this lawsuit.

**REQUEST FOR ADMISSION NO. 10**
The windstorm that damaged Plaintiff's property was a covered occurrence under Plaintiff's insurance policy with the Defendant insurance company.

**REQUEST FOR ADMISSION NO. 11**
Plaintiff's property sustained hail damage as a result of the hailstorm that makes the basis of this lawsuit.

**REQUEST FOR ADMISSION NO. 12**
Plaintiff's roof sustained hail damage as a result of the hailstorm.

**REQUEST FOR ADMISSION NO. 13**
The exterior of Plaintiff's Property sustained hail damage as a result of the hailstorm.

**REQUEST FOR ADMISSION NO. 14**
Plaintiff's personal property was damaged as a result of the hailstorm.

**REQUEST FOR ADMISSION NO. 15**
The hailstorm that damaged Plaintiff's property was a covered occurrence under Plaintiff's insurance policy with the Defendant insurance company.

**REQUEST FOR ADMISSION NO. 16**
Defendant did a substandard and quick investigation in the handling of Plaintiff's claim.

**REQUEST FOR ADMISSION NO. 17**
Defendant improperly and unreasonably adjusted Plaintiff's claim.

**REQUEST FOR ADMISSION NO. 18**
Defendant performed an outcome-oriented investigation of Plaintiff's claim.

**REQUEST FOR ADMISSION NO. 19**
Defendant did not take photos of the property in regard to Plaintiff's claim.

**REQUEST FOR ADMISSION NO. 20**
Defendant did not conduct a reasonable investigation of Plaintiff's damage.

**REQUEST FOR ADMISSION NO. 21**
Defendant misrepresented the amount of damages sustained to Plaintiff's Property.

**REQUEST FOR ADMISSION NO. 22**
Defendant has unreasonably delayed payment to the Plaintiff and failed to fairly settle Plaintiff's claim even though liability was reasonably clear.

**REQUEST FOR ADMISSION NO. 23**
Defendant was not open and honest in their adjustment of Plaintiff's claim.

**REQUEST FOR ADMISSION NO. 24**
Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner.

**REQUEST FOR ADMISSION NO. 25**
Defendant misrepresented to Plaintiff that the damage to Plaintiff's Property was not covered under the Policy.

**REQUEST FOR ADMISSION NO. 26**
Defendant misrepresented to Plaintiff that the damage to Plaintiff's property did not need to be replaced.

**REQUEST FOR ADMISSION NO. 27**
Defendant was aware that the damage to Plaintiff's property warranted replacement and not repair.

**REQUEST FOR ADMISSION NO. 28**
Defendant took advantage of Plaintiff's lack of knowledge and inexperience.

**REQUEST FOR ADMISSION NO. 29**
Defendant engaged in false, misleading, and deceptive acts or practices in the business of insurance in the handling of Plaintiff's claim.

**REQUEST FOR ADMISSION NO. 30**
Defendant made material false representations and/or material false promises to Plaintiff.

**REQUEST FOR ADMISSION NO. 31**
Defendant intended that Plaintiff would rely on Defendant's false representations.

**REQUEST FOR ADMISSION NO. 32**
Plaintiff did reasonably rely on Defendant's false representations to Plaintiff's detriment.

**REQUEST FOR ADMISSION NO. 33**
Defendant breached its insurance contract with Plaintiff.

**REQUEST FOR ADMISSION NO. 34**
Defendant failed to provide its adjuster with policies, guidelines, and/or materials pertaining to the lawful handling of insurance claims.

**REQUEST FOR ADMISSION NO. 35**
Defendant purposefully denied and/or underpaid Plaintiff's claim in order to continue making profit off of Plaintiff.

**REQUEST FOR ADMISSION NO. 36**
It was reasonably clear that Plaintiff's damages exceeded his deductible.

**REQUEST FOR ADMISSION NO. 37**
Defendant provides incentives and/or bonuses to its adjusters for closing out claims without adequate payment.

**REQUEST FOR ADMISSION NO. 38**
Defendant provided a bonus to its adjuster in relation to Plaintiff's claim.

**REQUEST FOR ADMISSION NO. 39**
Defendant has been reported to the Texas Department of Insurance for the mishandling of claims in the last 5 years.

**REQUEST FOR ADMISSION NO. 40**
Defendant Adjuster has been sued in the past 5 years for the mishandling of claims.

**REQUEST FOR ADMISSION NO. 41**
Defendant has a duty to pay for damages covered under the Policy that are not otherwise excluded.

**REQUEST FOR ADMISSION NO. 42**
Defendant has a duty to conduct a reasonable investigation.

**REQUEST FOR ADMISSION NO. 43**
Under the terms of the Policy, Defendant has a duty to conduct a reasonable investigation.

**REQUEST FOR ADMISSION NO. 44**
While handling a claim that is covered under Defendant's policy, Defendant has a duty to give its insureds the benefit of the doubt.

**REQUEST FOR ADMISSION NO. 45**
Defendant excluded coverage in regard to Plaintiff's claim without any reasonable basis.

**REQUEST FOR ADMISSION NO. 46**
With regard to Plaintiff's claim, Defendant's adjuster had no specialized certifications or qualifications adjusting wind related insurance claims.

**REQUEST FOR ADMISSION NO. 47**
With regard to Plaintiff's claim, Defendant's adjuster had no specialized certifications or qualifications adjusting hail related insurance claims.

153-294413-17

CAUSE NO._____

| | | |
|---|---|---|
| GUY BAILEY | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| V. | § | \_\_\_\_ JUDICIAL DISTRICT |
| | § | |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY AND | § | |
| JANET SMITH | § | TARRANT COUNTY, TEXAS |

## PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

TO:   ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, by and through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

Pursuant to Rule 196 of the Texas Rules of Civil Procedure, Plaintiff requests that the above-named Defendant, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY (hereinafter referred to as "Defendant"), disclose, within fifty (50) days after the date of service of this request, the information or material described in the following request for production.

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone:    (210) 490-7402
Telefacsimile:  (210) 490-8372

BY:    /s/ Robert A. Pollom
        ROBERT A. POLLOM
        State Bar No. 24041703
        robert@krwlawyers.com
        JAKE ROGIERS
        State Bar No. 24069066
        jake@krwlawyers.com

ATTORNEYS FOR PLAINTIFF
Page 1 of 19

## INSTRUCTIONS

1.      Answer each request for documents separately by listing the documents and by describing them as defined below. If documents are numbered for production, in each response provide both the information that identifies the document and the document's number(s). There is a duty to supplement any answer made to the request for documents when the original answer is no longer true, or was incorrect or incomplete when made.

2.      For each document or other requested information that you assert is privileged or is not discoverable, identify that document or other requested information. State the specific grounds for the claim of privilege or other applicable ground for exclusion. Also, for each document you claim is not discoverable, state the date of the document, the name, job title, and address of the person who prepared it; the name, address and job title of the person to whom it was addressed, circulated, or who saw it; the name, job title, and address of the person now in possession of the document; a description of the subject matter of the document; the document's present location; and the custodian for the document.

3.      For a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence or could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

4.      The documents produced pursuant to the following requests for documents are considered to be authentic unless a proper objection is asserted as to the documents' authenticity under the Texas Rules of Civil Procedure.

## DEFINITIONS

The following definitions shall have the following meanings, unless the context of the requests for documents require otherwise:

1.      "PLAINTIFF" means GUY BAILEY, along with his family members, agents, representatives, and all other persons acting in concert with him, or under his control, whether directly or indirectly, including any attorney.

2.      "DEFENDANT," means ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, along with its agents, representatives, and all other persons acting in concert with it, or under its control, whether directly or indirectly, including any attorney.

3.      "DOCUMENT," "DOCUMENTS" and "DOCUMENTATION" are used in their broadest sense and mean all written, printed, typed, recorded, or graphic matter of every kind and description, source and authorship, both originals and all nonidentical copies thereof, and all written, printed, typed, recorded, or graphic matter of every kind and description, both originals and copies, and all attachments and appendices thereto, in your possession, custody or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative or private entity or person. Without limiting the foregoing, the terms "document" and "documents" include handwritten, typewritten, printed, photocopied, photographic or recorded, stenographic, computer-generated, computer-installed or electronically stored matters, however and by whomever produced, prepared, reproduced, disseminated or made, and includes communications in words, symbols, pictures, sound recordings, films, tapes and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instruction and other materials necessary to understand and use such systems. For purposes of illustration and no limitation, "documents" includes: accounts; advertising; affidavits; agendas; agreements; analyses; analytical records; announcements; appointment books; appraisals; articles; bills; statements and other records of obligations and expenditures; books; brochures; bulletins; calendars; checks; cancelled checks, vouchers, receipts and other records of payments; charts, drawings; check registers; checkbooks; circulars; collateral files and contents; communications; compilations; confirmations; consultant's reports; contracts; corporate by-laws; corporate charters; correspondence; credit files and contents; data compilations from which information can be obtained (including matter used in data processing); deeds of trust; deposit slips, diaries, diary entries; drafts; envelopes; folders or similar containers; expense reports; facsimile transmissions; files; film tape; financial statements; forecasts; graphs; guaranty agreements; instructions, invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; letters of credit; lists; log books; logs, notes or memoranda of telephonic or face-to-face conversations; manuals; maps, marginal notations; memoranda of all kinds to and from any persons, agencies or entities; messages; microfilm; microfiche; minutes; minute books; notes; notebooks; notices; pamphlets; parts lists; papers; photographs, press releases; printed matter (including published books, articles, speeches and newspaper clippings); printouts; programs; punch cards; purchase orders; receipts; recommendations; records; records of administrative, technical and financial actions taken or recommenced; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; sell orders; sound recordings; specifications; speeches;

statement of bank accounts; statements, interviews; statistical data; statistical statements, stock transfer ledger; studies; surveys; tables; tabulations; tape or disk recordings; tape programs; technical and engineering reports, evaluations; advice; recommendations; commentaries; conclusions; studies; test plans; manuals; procedures; data; reports; results and conclusions; summaries, minutes, notes and other records and recording of any conference, meetings, visits, negotiations, statement, interviews or telephone conversations; other summaries; telegrams; teletypes, telexes and other communications sent or received; time records; telephone bills or records; trade letters; transcripts of hearings; transcripts of testimony; UCC instruments; video recordings; visitor records; vouchers; work assignments; work sheets; work papers; and all other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored or electronically stored matter, however or by whomever produced, prepared, reproduced, disseminated or made, the contents of which relate to, discuss, consider or otherwise refer to the subject matter of the particular discovery requested.

4.      "PERSON" includes individuals, associates of individuals, partnerships, joint-stock companies, corporations, or trustee or receiver of an individual, association of individuals, joint-stock company or corporation, and any other type of entity or institution, whether formed for business or any other purposes.

5.      "PARTY" shall mean any party whomsoever to the dispute, and includes each party's agents, employees, attorneys, representatives, predecessors, successors, affiliates, partners, officers, directors, principals and any and all other persons acting or purporting to act on the party's behalf or under the party's control. For purposes of the duty to supplement, the term also includes entities, which become parties subsequent to the date this request for documents is served.

6.      "RELATING TO" and or "RELATES TO" means in whole or in part constituting, containing, concerning, embodying, reflecting, describing, analyzing, identifying, stating, referring to, or dealing with, or in any way pertaining to.

7.      "CONCERNING" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, and constituting.

8.      "COMMUNICATION" means the transmission, sending and/or receipt of information of any kind by or through any means, including but not limited to speech, writings, language (machine, foreign or otherwise), computer electronics of any kind (e.g., email), magnetic tape, videotape, photographs, graphs, symbols, signs, magnetic or optical disks, "floppy disks", CD-ROM disks, sound, radio or video signals, telecommunication, telephone teletype, facsimile, telegraph, microfilm, microfiche, photographic film of any type and other media of any kind. The term "communication" also includes, without limitations, all "records" (as hereafter defined) and all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, notices, requests, responses, demands, complaints, and press, publicity or trade releases.

9.      "RECORD(S)" means all documents and writings of any kind, and all communications (as defined above) which are stored or retrievable or recorded in any manner, including originals and all non-identical copies whether different from the originals by notation made on such copies or

otherwise, all drafts, alterations, modifications, changes and amendments, graphic or any electronic or mechanical records or representation of any kind, created during the period 2000 to present. Any electronic records or computer data which may exist shall be produced in ASCii comma delimited to fixed length filed format and shall include all files, records, instructions, codes or other information necessary to retrieve the data. Electronic data should be produced in Microsoft Access 95 or Microsoft Access 95, 97 or.2000 (MDB) formal, Dbase (DU) format, Excel (xls) format or ASCii comma delimited or fixed length format (txt) and shall include all file, record and field format definitions and the instructions, codes or information necessary to retrieve the data. Such electronic data should be provided on one of the following media. Zip disk, Jaz disk, CD-ROM or 3.5" floppy disk.

10.    "DATE" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

11.    "DESCRIBE" and "IDENTIFY," when referring to a person, require statements of the following:

      a.     The full name.
      b.     The present or last known residential address.
      c.     The present or last known residential and office telephone numbers.
      d.     The present occupation, job title, employer, and employer's address at the time of the event   or period referred to in each particular request.
      e.     In the case of any person other than an individual, identify the officer, employee, or agent   most closely connected with the subject matter of the request and identify the officer who is  responsible for supervising that officer or employee.

12.    "DESCRIBE" and IDENTIFY," when referring to a document, are defined to require that you state the following:

      a.     The nature (e.g., letter, handwritten note) of the document
      b.     The title or heading that appears on the document
      c.     The date of the document and the date of each addendum supplement, or other addition or change.
      d.     The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.
      e.     The present location of the document, and the name, address, position, or title, and telephone number of the person or person having custody of the document.

13.    The words "AND" and "OR" should be construed either conjunctively or disjunctively as required by the context to bring within the scope of these discovery requests any answer, response or document that might be deemed outside its scope by another construction.

14.    "PERTAINS TO" or "PERTAINING TO" means relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, supports, corroborates, demonstrates, proves, evidences, shows, reflects, refutes, disputes, rebuts, controverts or contradicts.

15.     " RESIDENCE" and/or "PROPERTY" refers to the home located at 1011 Tanglewood Drive, Mansfield, Texas 76063.

## PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

1.      The insurance policy in effect on the date of Plaintiff's claim(s) making the basis of this suit.

RESPONSE:

2.      The entire claims investigation files generated and maintained by Defendant in the ordinary course of business pertaining to Plaintiff's claim(s) making the basis of this lawsuit.

RESPONSE:

3.      All training and educational materials which instruct Defendant's claims adjusters or claims handlers in handling claims for property damage coverage under Defendant's homeowners' insurance policies in Texas. This request is limited to the last five (5) years.

RESPONSE:

4.      All training and educational materials which instruct claims adjusters or claims handlers in handling claims for coverage for property damage, hurricane damage, hail, water damage, roof and/or wind damage under Defendant's homeowners' insurance policies in Texas. This request is limited to the last five (5) years.

RESPONSE:

5.      All procedure or policy manuals or guides meant to guide and assist Defendant's claims adjusters or claims handlers in handling claims for property damage, including the criteria for and the process for evaluating whether coverage exists under Defendant's homeowners' insurance policies in Texas. This request is limited to the last five (5) years.

RESPONSE:

6.      All procedure or policy manuals or guides meant to guide and assist Defendant's claims adjusters or claims handlers in handling claims for property damage, hurricane damage, hail, water damage, roof damages, and/or wind damage to the house, including the criteria, for and the process for, evaluating whether coverage exists under Defendant's homeowners' insurance policies in Texas. This request is limited to the last five (5) years.

RESPONSE:

7.      All communications and documents, including electronic, between Defendant and Plaintiff regarding Plaintiff's claim(s).

RESPONSE:

8.      All communications and documents, including electronic, between Defendant and any third party regarding Plaintiff's claim(s).

RESPONSE:

9.      All communications and documents, including electronic, between Defendant and any other Defendant(s) regarding Plaintiffs claim(s).

RESPONSE:

10.     All communications and documents, including electronic, between Defendant's business departments, including all persons part of the Defendant company, regarding Plaintiff's claim(s).

RESPONSE:

11.     All communications and documents Defendant sent to any other Defendant(s) in this cause of action regarding Plaintiff or the Property, after Plaintiffs claim(s) for coverage.

RESPONSE:

12.     All photographs, diagrams, drawings, or other graphic depictions of Plaintiff or the Property made the basis of this lawsuit.

RESPONSE:

13.     Any and all documents, reports, data, emails, notes, photos, videos, manuals, guides, and summaries, regarding the insurance claim(s) made the basis of this lawsuit.

RESPONSE:

14.     All reports and other documents from governmental agencies or offices regarding Plaintiffs Property or containing officially kept information regarding Plaintiffs Property.

RESPONSE:

15.     Any and all claims files and claim reports, including but not limited to notes, emails, data, photos, videos, manuals, guides, summaries and claim documents, regarding all homeowner insurance claims made by Plaintiff under her homeowner insurance policy/policies with Defendant, specifically regarding damage to the: exterior and interior of Plaintiffs Property, this request is limited to the last ten (10) years.

RESPONSE:

16.     Any and all records and/or documents explaining criteria utilized to qualify vendors for the "approved vendors list."

RESPONSE:

17.     Any and all records and/or documents maintained by person(s) responsible for maintaining and updating the "approved vendors list."

RESPONSE:

18.     Any and all records and/or documents maintained by person(s) responsible for creating the criteria utilized to qualify vendors, including contractors and roofing companies, for the "approved vendors list."

RESPONSE:

19.     All documents including reports, estimates, data, emails, testing, sampling, videos, and photographs received by Defendant regarding inspections of Plaintiff's Property made the basis of this lawsuit.

RESPONSE:

20.     Any and all records Defendant received, including those obtained by way of deposition by written questions, regarding Plaintiff's Property made the basis of this lawsuit.

RESPONSE:

21.     Any and all records or documents Defendant has reviewed and/or obtained regarding Plaintiff's Property made the basis of this lawsuit.

RESPONSE:

22.     Any and all claims files Defendant has reviewed and/or obtained regarding Plaintiff's Property made the basis of this lawsuit.

RESPONSE:

23.     Any and all records or documents Defendant has reviewed and/or obtained by third parties regarding Plaintiff's Property made the basis of this lawsuit.

RESPONSE:

24.     All bulletins or other communications received from the Texas Department of Insurance, the Texas Insurance Commissioner, or their agents, regarding practices in the handling of claims for property damage under Defendant's homeowner insurance policies in Texas. This request is limited to the last five (5) years.

RESPONSE:

25.     All bulletins or other communications received from the Texas. Department of Insurance, the Texas Insurance Commissioner, or their agents, regarding practices in the handling of claims for property damage, hurricane damage, hail, water damage, hail damage, roof damage, and/or wind damage under homeowner insurance policies in Texas. This request is limited to the last five (5) years.

RESPONSE:

26.     All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to unfair claims settlement practices, unfair claims handling practices, standards to be met in adjusting or handling Defendant's first party insurance claims, or avoiding charges of bad faith. This request is limited to the last five (5) years.

RESPONSE:

27.     All materials meant to instruct and guide Defendant's claims adjusters under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code §541.060 and/or Article 21.21. This request is specifically limited to the last five (5) years.

RESPONSE:

28.     All materials meant to instruct and guide Defendant's claims adjusters under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code §542.055 *et seq.* and/or Article 21.55. This request is specifically limited to the last five (5) years.

RESPONSE:

29.     Any and all materials, documents, statements and/or files that demonstrate Defendant's net worth and Defendant's net income. This request is limited to the last five (5) years.

RESPONSE:

30.     Any and all materials, documents, statements and/or files that reflect complaints and/or lawsuits filed by insured against Defendant regarding the handling, review and/or adjusting of homeowner insurance claims in Texas. This request is limited to the last five (5) years.

RESPONSE:

31.    A copy of each advertisement Defendant has used, published and/or distributed, through any means, in Texas. This request is limited to the last five (5) years.

RESPONSE:

32.    Any and all materials, handouts, manuals, outlines, articles and/or documents used or relied upon by Defendant to conduct any seminars and/or continuing education classes for Defendant's employees and/or independent adjusters, regarding the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, and property damage claims, hurricane claims, water damage claims, roof damage claims, and/or wind damage claims in Texas. This request is limited to the last five (5) years.

RESPONSE:

33 Any and all materials, handouts, manuals, outlines, articles and/or documents issued by Defendant to claims representatives and/or adjusters, or received by claims representatives and/or adjusters, or relied upon by claims representatives and/or adjusters, pertaining to the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, property damage claims, hurricane claims, water damage claims, roof damage claims, and/or wind damage claims in Texas. This request is limited to the last five (5) years.

RESPONSE:

34.    Any and all reference materials, handouts, manuals, outlines, articles, and/or documents distributed and/or disbursed to Defendant's employer, employees, agents and/or representatives in connection with attendance at seminars and/or continuing education classes regarding the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, and property damage, hurricane claims, hail, water damage, roof damage claims and/or wind damage claims in Texas, within the last five (5) years.

RESPONSE:

35.    Any and all materials reflecting Defendant's attendance policies for adjusters and claims representatives at seminars and/or continuing education classes regarding the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, property damage claims, hurricane claims, water damage claims, roof damage claims, and/or wind damage claims in Texas. This request is limited to the last five (5) years.

RESPONSE:

36.    Any and all materials, documents, files and/or reports sent to Defendant by its employer, employees, agents, and/or representatives on a monthly, weekly, or daily basis regarding Plaintiff's claim(s). Include any and all field notes and summaries of the room-by-room scope of Plaintiff's Property made the basis of this lawsuit.

RESPONSE:

37.    Any and all materials, documents, files, and/or reports containing list(s) of contractors and/or roofing companies that have been approved and/or recommended for performance of services for Defendant in Texas, specifically related to homeowner insurance claims. This request is limited to the last five (5) years.

RESPONSE:

38.    Any and all computer programs, electronic data, documents, and/or manuals used by the adjusters and claims representatives to perform property damage estimates relating to homeowner insurance claims in Texas, including a complete copy of the computer program used to adjust Plaintiff's claim(s). This request is limited to the last five (5) years.

RESPONSE:

39.    Any and all reference materials, handouts, manuals, outlines, articles, and/or documents that have been distributed by and/or disbursed to Defendant regarding the price estimates of contractors and changes of those estimates within different geographical areas of the State of Texas. This request is limited to the last five (5) years.

RESPONSE:

40.    Any and all materials, documents, files and/or reports of contractors and roofing companies that have been approved and/or recommended for performance of services for Defendant in Texas. This request is limited to the last five (5) years.

RESPONSE:

41.    Any and all materials, documents, files, invoices, and/or reports of any and all contractors and roofing companies retained to investigate, inspect, and/or evaluate Plaintiff's claim(s) made the basis of this lawsuit, prepared on behalf of the Defendant.

RESPONSE:

42.    Any and all materials, documents, files, invoices, and/or reports of any and all contractors and roofing companies retained to investigate, inspect, and/or evaluate claims similar in nature to Plaintiff's claim(s) asserted in this lawsuit, prepared on behalf of Defendant. This request is limited to the State of Texas. This request is limited to the last five (5) years.

RESPONSE:

43.    A complete copy of the entire personnel file(s) of any and all adjusters assigned to Plaintiff's claim made the basis of this lawsuit.

RESPONSE:

44.     The most recent address maintained on file for any and all adjusters assigned to Plaintiff's claim made the basis of this lawsuit.

RESPONSE:

45.     Any and all documents and/or claim files for persons or entities that have filed property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage claims that have been adjusted by any adjusters and/or adjusting companies on behalf of Defendant.

RESPONSE:

46.     Any and all activity logs relating to Plaintiff's claim(s) for property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage to her property, and specifically, the claim(s) made the basis of this suit.

RESPONSE:

47.     Any and all documents reflecting company guidelines, procedures, or policies that serve as criteria for evaluating whether claims are covered or excluded by any policy provisions Defendant contends applied to Plaintiff's claim(s).

RESPONSE:

48.     Any and all organizational charts for Defendant.

RESPONSE:

49.     Any and all organizational charts or diagrams for each department, unit, or section of Defendant to which Plaintiff's claim(s) was assigned. This request is limited to the last five (5) years.

RESPONSE:

50.     Any and all charts or diagrams reflecting the chain of command or supervisory hierarchy relating to each person involved in handling Plaintiff's claim(s).

RESPONSE:

51.     Any and all claims and underwriting files for each claim involving property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage made against Defendant, investigated by any and all adjusters assigned to Plaintiff's claim made the basis of this lawsuit in Texas, this request is limited to the last five (5) years.

RESPONSE:

52.     Any and all demand letters received by Defendant after the handling of a claim involving property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage that was adjusted by any and all adjusters assigned to Plaintiff's claim made the basis of this lawsuit. This request is limited to the last five (5) years.

RESPONSE:

53.     Any and all documents reflecting or relating to Defendant's decision to pay or deny additional expenses to or on behalf of Plaintiff in this case.

RESPONSE:

54.     Any and all records reflecting payment to Plaintiff concerning Plaintiff's claim(s) made the basis of this suit.

RESPONSE:

55.     Any and all documents, including correspondence and checks, exchanged between Defendant and any and all vendors concerning Plaintiff's claim(s).

RESPONSE:

56.     Any and all documents relating to or reflecting any and all adjusters assigned to Plaintiff's claim made the basis of this Lawsuit, from the time of hiring through the present.

RESPONSE:

57.     Any and all documents relating to the assignment of Plaintiff's claim(s) to any and all adjusters assigned to Plaintiff's claim made the basis of this lawsuit, from the time of hiring through the present.

RESPONSE:

58.     Any and all documents relating to or reflecting referrals of vendors to Plaintiff or any insured.

RESPONSE:

59.     If you are withholding documents based upon the assertion of a privilege, please produce a privilege log, detailing with reasonable particularity a description of the documents withheld, the number of documents, and the applicable privilege which Defendant claims properly precludes the information discovery.

RESPONSE:

60.     Any and all advanced or specialized certifications of personnel who inspected, investigated, and/or supervised the adjusting of the claim(s) pertaining to the Property made the basis of this lawsuit.

RESPONSE:

61.     Any and all documents, including contracts, rules, guidelines and/or instructions exchanged between Defendant, Plaintiff and any and all adjusters assigned to Plaintiff's claim made the basis of this Lawsuit, from the time of hiring through the present, and any other entities with whom Defendant worked or communicated regarding the Property made the basis of this lawsuit.

RESPONSE:

62.     All physical or tangible items and/or potentially usable evidence obtained by, or on behalf of, Defendant from the scene of the occurrence made the basis of this suit.

RESPONSE:

63.     Any and all indemnity agreements between Defendant and any other person, firm, or corporation against which a claim of indemnification might be brought because of the facts in this lawsuit.

RESPONSE:

64.     Any and all complaint policies and procedures regarding the handling by Defendant of complaints made by insured homeowners. This request is limited to the last five (5) years.

RESPONSE:

65.     Copies of all job descriptions of employees that adjusted or in any way supervised the handling of Plaintiff's claim(s).

RESPONSE:

66.     All non-privileged e-mails regarding the investigation, adjusting, and/or handling of the claim(s) made the basis of this lawsuit.

RESPONSE:

67.     All e-mails between Defendant's adjusters, agents, supervisors, officers, and/or executives regarding changes in the educational programs relating to the handling of property damage, hurricane damage, hail, water damage, and/or roof damage claims.

RESPONSE:

68.    All computer files, databases, electronically-stored information or computer-stored information regarding property damage, hurricane damage, water damage and/or roof damage that have been compiled, prepared, and/or supervised by Defendant, whether or not they are in Defendant's possession or in the possession of another entity.

RESPONSE:

69.    True and complete copies of all billing records from any and all independent adjusters regarding the claim(s) made the basis of this lawsuit.

RESPONSE:

70.    True and complete copy of activity logs filed by the staff and independent adjusters on the file pertaining to the claim(s) made the basis of this lawsuit.

RESPONSE:

71.    Any and all reports, documents, or correspondence containing the names and locations of all adjusters who have worked on this file to the present.

RESPONSE:

72.    True and complete copies of all billings on the file from the independent adjusters, including the time sheets or documentation used to justify the billings.

RESPONSE:

73.    Any and all reports, documents or correspondence reflecting the reserving and payment history of indemnity, expenses, and vendors on this file including but not limited to dates, changes and requests made by the adjusters. This request is limited to the last five (5) years.

RESPONSE:

74.    Any and all correspondence and lawsuits involving vendors, staff or management involved with property claims, property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage claims from 2000 to present.

RESPONSE:

75.    Any and all correspondence and lawsuits concerning the issues of honesty, conflict of interest, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior of any person associated with the handling of Defendant's claims files, management of property damage, hail, water damage, roof damage and/or wind damage claims, including staff and vendors.

RESPONSE:

76. Any and all answers made in previous discovery requests for lists or databases of property damage, hurricane damage, hail damage, water damage, roof damage and/or wind damage.

RESPONSE:

77. Any and all answers and affidavits made by Defendant and its counsel in previous discovery requests for training procedures, and training manuals for property damage, hurricane damage, hail damage, water damage, roof damage, and/or wind damage claims.

RESPONSE:

78. Any and all reports, documents or correspondence reflecting the history of payment and reserves on this file.

RESPONSE:

79. Any and all reports, documents or correspondence containing names of designated individuals who gave testimony as Person Most Knowledgeable for claims, property damage, hurricane damage, catastrophe, hail damage, water damage, roof damage, and/or wind damage claims for 2000 through the present, along with a list of the lawsuits where testimony was given.

RESPONSE:

80. Any and all training manuals used by vendors to train their adjusters on property damage, hurricane damage, hail damage, water damage, roof damage, and/or wind damage for Defendant. This request is limited to the last five (5) years.

RESPONSE:

81. Any and all correspondence from Defendant to and from vendors regarding any instructions, procedures, changes, training, payments, and billing for property damage, hurricane, flood, wind, hail and catastrophe claims for 2000 through the present, including but not limited to computer disks, e-mails, paperwork, and manuals.

RESPONSE:

82. Any and all correspondence concerning issues with billing and claims handling with Defendant's vendors, and/or independent adjusting companies. This request is limited to the last five (5) years.

RESPONSE:

83.    Any and all demand letters, lawsuits and/or subrogation claims filed against any of Defendant's vendors, or by any vendors against Defendant.  This request is limited to the last five (5) years.

RESPONSE:

84.    Any and all reports, documents or correspondence containing lists of attendees, dates, and locations of all meetings conducted by Defendant for all independent adjusters and Defendant's staff for property damage claims, hurricane damage claims, flood damage claims, wind damage claims, hail damage claims, water damage claims, and/or roof damage claims training. This request is limited to the last five (5) years.

RESPONSE:

85.    Any and all reports, documents or correspondence containing lists of files with written complaints or DOI complaints on property damage, hurricane damage, wind damage, hail damage, water damage, and/or roof damage claims previously gathered and produced in other TDI complaints or lawsuits. This request is limited to the last five (5) years.

RESPONSE:

86.    Any and all reports, documents or correspondence containing lists of all lawsuits or disputes filed against Defendant or its entities or affiliates nationwide, containing an element of property damage, hurricane damage, hail damage, water damage, roof damage, and/or wind damage for 2000 through the present.

RESPONSE:

87.    Copies of the front and back of each negotiated cheek made payable solely or co-payable to Plaintiff under her insurance policy in effect during the time of the insurance claim made the basis of this lawsuit, and which was issued by Defendant.

RESPONSE:

88.    Copies of the front and back of each negotiated check made payable solely or co-payable to Plaintiff regarding the insurance claim made the basis of this lawsuit.

RESPONSE:

89.    Studies commissioned by Defendant, including any done by a law firm to analyze their claim management strategies, and/or to help them improve corporate profits.

RESPONSE:

90.     Affidavits or depositions of the employee(s) who handled Plaintiff's claim(s), or their supervisors, in all other cases involving the same or similar allegations as in this case.

RESPONSE:

91.     The entire underwriter's file for underwriting the insurance policy made the basis of this lawsuit.

RESPONSE:

92.     All notes, reports, documents, or applications created and/or generated by Defendant's underwriting department relating to the insurance policy made the basis of this lawsuit.

RESPONSE:

93.     All documents and communications, including electronic, between Defendant and any engineer(s) or engineering company(s), used to evaluate Plaintiff's claim(s), or other person(s) used in handling Plaintiff's claim(s), in the last five years regarding, in any way, the investigation of a residence, commercial building or church, involving damages to the structure or its contents.

RESPONSE:

94.     Please produce any and all underwriting files, notes, documents, memorandum, emails, inspections and photographs in your possession related to the property at issue in this matter and/or the Plaintiff/Insured for the last 10 years.

RESPONSE:

95.     Please produce a copy of any and all depositions upon written questions in your possession related to this matter, the subject matter of this lawsuit, any party to this matter, and/or the property at issue in this matter. If on order and you have not received such documents, please properly supplement this response upon receipt of such documents properly pursuant to the Texas Rules of Civil Procedure.

RESPONSE:

96.     Please produce a copy of any subpoenaed document ordered and/or in your possession related to this matter, the subject matter of this lawsuit, any party to this matter, and/or the property at issue in this matter. If on order and you have not received such documents, please properly supplement this response upon receipt of such documents properly pursuant to the Texas Rules of Civil Procedure.

153-294413-17

CAUSE NO._____

| | | |
|---|---|---|
| GUY BAILEY | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY AND | § | |
| JANET SMITH | § | TARRANT COUNTY, TEXAS |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

TO: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, by and through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

Pursuant to Rule 197 of the Texas Rules of Civil Procedure, Texas requests that the above-named

Defendant, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY (hereinafter referred

to as "Defendant"), disclose, within fifty (50) days after the date of service of this request, the information

or material described in the following set of interrogatories.

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone:    (210) 490-7402
Telefacsimile:  (210) 490-8372

BY:    /s/ Robert A. Pollom_____
ROBERT A. POLLOM
State Bar No. 24041703
robert@krwlawyers.com
JAKE ROGIERS
State Bar No. 24069066
jake@krwlawyers.com

ATTORNEYS FOR PLAINTIFF

INSTRUCTIONS

1.      Answer each request for documents separately by listing the documents and by describing them as defined below. If documents are numbered for production, in each response provide both the information that identifies the document and the document's number(s). There is a duty to supplement any answer made to the request for documents when the original answer is no longer true, or was incorrect or incomplete when made.

2.      For each document or other requested information that you assert is privileged or is not discoverable, identify that document or other requested information. State the specific grounds for the claim of privilege or other applicable ground for exclusion. Also, for each document you claim is not discoverable, state the date of the document, the name, job title, and address of the person who prepared it; the name, address and job title of the person to whom it was addressed, circulated, or who saw it; the name, job title, and address of the person now in possession of the document; a description of the subject matter of the document; the document's present location; and the custodian for the document.

3.      For a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence or could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

3.      The documents produced pursuant to the following requests for documents are considered to be authentic unless a proper objection is asserted as to the documents' authenticity under the Texas Rules of Civil Procedure.

DEFINITIONS

The following definitions shall have the following meanings, unless the context of the requests for documents require otherwise:

1.     "PLAINTIFF" means GUY BAILEY, along with his family members, agents, representatives, and all other persons acting in concert with him, or under his control, whether directly or indirectly, including any attorney.

2.     "DEFENDANT," means ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, along with its agents, representatives, and all other persons acting in concert with it, or under its control, whether directly or indirectly, including any attorney.

3.     "DOCUMENT," "DOCUMENTS" and "DOCUMENTATION" are used in their broadest sense and mean all written, printed, typed, recorded, or graphic matter of every kind and description, source and authorship, both originals and all nonidentical copies thereof, and all written, printed, typed, recorded, or graphic matter of every kind and description, both originals and copies, and all attachments and appendices thereto, in your possession, custody or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative or private entity or person. Without limiting the foregoing, the terms "document" and "documents" include handwritten, typewritten, printed, photocopied, photographic or recorded, stenographic, computer-generated, computer-installed or electronically stored matters, however and by whomever produced, prepared, reproduced, disseminated or made, and includes communications in words, symbols, pictures, sound recordings, films, tapes and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instruction and other materials necessary to understand and use such systems. For purposes of illustration and no limitation, "documents" includes: accounts; advertising; affidavits; agendas; agreements; analyses; analytical records; announcements; appointment books; appraisals; articles; bills; statements and other records of obligations and expenditures; books; brochures; bulletins; calendars; checks; cancelled checks, vouchers, receipts and other records of payments; charts, drawings; check registers; checkbooks; circulars; collateral files and contents; communications; compilations; confirmations; consultant's reports; contracts; corporate by-laws; corporate charters; correspondence; credit files and contents; data compilations from which information can be obtained (including matter used in data processing); deeds of trust; deposit slips, diaries, diary entries; drafts; envelopes; folders or similar containers; expense reports; facsimile transmissions; files; film tape; financial statements; forecasts; graphs; guaranty agreements; instructions, invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; letters of credit; lists; log books; logs, notes or memoranda of telephonic or face-to-face conversations; manuals; maps, marginal notations; memoranda of all kinds to and from any persons, agencies or entities; messages; microfilm; microfiche; minutes; minute books; notes; notebooks; notices; pamphlets; parts lists; papers; photographs, press releases; printed
matter (including published books, articles, speeches and newspaper clippings); printouts; programs; punch cards; purchase orders; receipts; recommendations; records; records of administrative, technical and financial actions taken or recommenced; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; sell orders; sound recordings; specifications; speeches;

statement of bank accounts; statements, interviews; statistical data; statistical statements, stock transfer ledger; studies; surveys; tables; tabulations; tape or disk recordings; tape programs; technical and engineering reports, evaluations; advice; recommendations; commentaries; conclusions; studies; test plans; manuals; procedures; data; reports; results and conclusions; summaries, minutes, notes and other records and recording of any conference, meetings, visits, negotiations, statement, interviews or telephone conversations; other summaries; telegrams; teletypes, telexes and other communications sent or received; time records; telephone bills or records; trade letters; transcripts of hearings; transcripts of testimony; UCC instruments; video recordings; visitor records; vouchers; work assignments; work sheets; work papers; and all other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored or electronically stored matter, however or by whomever produced, prepared, reproduced, disseminated or made, the contents of which relate to, discuss, consider or otherwise refer to the subject matter of the particular discovery requested.

4.      "PERSON" includes individuals, associates of individuals, partnerships, joint-stock companies, corporations, or trustee or receiver of an individual, association of individuals, joint-stock company or corporation, and any other type of entity or institution, whether formed for business or any other purposes.

4.      "PARTY" shall mean any party whomsoever to the dispute, and includes each party's agents, employees, attorneys, representatives, predecessors, successors, affiliates, partners, officers, directors, principals and any and all other persons acting or purporting to act on the party's behalf or under the party's control. For purposes of the duty to supplement, the term also includes entities, which become parties subsequent to the date this request for documents is served.

5.      "RELATING TO" and or "RELATES TO" means in whole or in part constituting, containing, concerning, embodying, reflecting, describing, analyzing, identifying, stating, referring to, or dealing with, or in any way pertaining to.

6.      "CONCERNING" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, and constituting.

7.      "COMMUNICATION" means the transmission, sending and/or receipt of information of any kind by or through any means, including but not limited to speech, writings, language (machine, foreign or otherwise), computer electronics of any kind (e.g., email), magnetic tape, videotape, photographs, graphs, symbols, signs, magnetic or optical disks, "floppy disks", CD-ROM disks, sound, radio or video signals, telecommunication, telephone teletype, facsimile, telegraph, microfilm, microfiche, photographic film of any type and other media of any kind. The term "communication" also includes, without limitations, all "records" (as hereafter defined) and all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, notices, requests, responses, demands, complaints, and press, publicity or trade releases.

9.      "RECORD(S)" means all documents and writings of any kind, and all communications (as defined above) which are stored or retrievable or recorded in any manner, including originals and all non-identical copies whether different from the originals by notation made on such copies or

otherwise, all drafts, alterations, modifications, changes and amendments, graphic or any electronic or mechanical records or representation of any kind, created during the period 2000 to present. Any electronic records or computer data which may exist shall be produced in ASCii comma delimited to fixed length filed format and shall include all files, records, instructions, codes or other information necessary to retrieve the data. Electronic data should be produced in Microsoft Access 95 or Microsoft Access 95, 97 or.2000 (MDB) formal, Dbase (DU) format, Excel (xls) format or ASCii comma delimited or fixed length format (txt) and shall include all file, record and field format definitions and the instructions, codes or information necessary to retrieve the data. Such electronic data should be provided on one of the following media. Zip disk, Jaz disk, CD-ROM or 3.5" floppy disk.

10.   "DATE" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

11.   " DESCRIBE" and "IDENTIFY," when referring to a person, require statements of the following:

   a       The full name.
   b.      The present or last known residential address.
   c.      The present or last known residential and office telephone numbers.
   d.      The present occupation, job title, employer, and employer's address at the time of the event   or period referred to in each particular request.
   e.      In the case of any person other than an individual, identify the officer, employee, or agent   most closely connected with the subject matter of the request and identify the officer who is  responsible for supervising that officer or employee.

12.   "DESCRIBE" and IDENTIFY," when referring to a document, are defined to require that you state the following:

   a.      The nature (e.g., letter, handwritten note) of the document
   b.      The title or heading that appears on the document
   c       The date of the document and the date of each addendum supplement, or other addition or change.
   d.      The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.
   e       The present location of the document, and the name, address, position, or title, and telephone number of the person or person having custody of the document.

13.   The words "AND" and "OR" should be construed either conjunctively or disjunctively as required by the context to bring within the scope of these discovery requests any answer, response or document that might be deemed outside its scope by another construction.

14.   "PERTAINS TO" or "PERTAINING TO" means relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, supports, corroborates, demonstrates, proves, evidences, shows, reflects, refutes, disputes, rebuts, controverts or contradicts.

15.    "RESIDENCE" and/or "PROPERTY" refers to the home located at 1011 Tanglewood Drive, Mansfield, Texas 76063.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

1.      State the name, address, telephone number, and position or job title of all persons answering these interrogatories.

RESPONSE:

2.      State whether Defendant contends that any conditions precedent to   recovery has not been met, whether said conditions be stated in the insurance policy or required by law. If so, state what conditions have not been met.

RESPONSE:

3.      List the date(s) Defendant requested that Texas provide any named Defendant(s) in this cause of action with requested information that was required in order to properly evaluate claim(s).

RESPONSE:

4.      List the date(s) Defendant received notice of claim(s) for coverage for property damages, the date(s) Defendant first acknowledged notice of claim(s), and in what form the notice of claim was submitted.

RESPONSE:

5.      State whether Defendant contends that Texas did not provide any named Defendant(s) in this cause of action with requested information that was required in order to properly evaluate claim(s). If so, state what information was requested and not provided, and the dates of the requests.

RESPONSE:

6.      State the name, address, telephone number, and job title or position of all persons who issued, adjusted, investigated, reviewed, handled, made entries, made decisions, or exchanged any documents or communications, including electronic, regarding insurance policy or the claim(s) made the basis of this lawsuit, including the name, address, and telephone number of the supervisor of the identified person. For any such person who is no longer an employee, agent, or representative of any defendant, please so indicate and provide the person's last known address and telephone number.

RESPONSE:

7.      State every basis, in fact and in the terms of policy, for Defendant's denial and/or recommendation of denial of claim(s).

RESPONSE:

8.     State every basis, in fact and in the terms of policy, for Defendant's failure to pay for full claims.

RESPONSE:

9.     State the cause number, style, and court for each lawsuit filed against Defendant in the last five years alleging misconduct, improper claims handling, bad faith, violations of Texas Insurance Code §541.060, formerly known as Article 21.21, or violations of Texas Insurance Code §542.055, *at seq.*, formerly known as Article 21.55, in the handling of first party claims for property damage coverage under homeowner insurance policies.

RESPONSE:

10.    State the legal theories and describe the factual bases, for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §541.060, the violation of which is alleged in current live pleading against Defendant.

RESPONSE:

11.    State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.055, in that Defendant followed all statutory deadlines, and by no later than the 15th day of notice of the claim (in the event of a weather-related catastrophe or major natural disaster, as defined by the commissioner, the claim-handling deadlines under this subchapter are extended for an additional 15 days acknowledged receipt of the claim, commenced investigation of the claim, and requested any proper documents from reasonably believed necessary to conduct such investigation, made additional requests during the investigation as necessary, and if acknowledgment of receipt of the claim was not in writing, made record of the date, manner and content, as refuted in current live pleading against Defendant.

RESPONSE:

12.    State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins: Code §542.056, in that Defendant followed all statutory deadlines by notifying in writing the acceptance or rejection of claim no later than the 15th business day after receipt of any requested information from , (in the event of a weather-related catastrophe or major natural disaster, as defined by the commissioner, the claim-handling deadlines under this subchapter are extended for an additional 15 days), including stating the reason if rejected or explanation of why Defendant could not do so within that time, as refuted in current live pleading against Defendant.

RESPONSE

13.     State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.058, in that Defendant after receiving all items, statements, and forms reasonably requested and required under § 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by § 542.060, except where it is found as a result of arbitration or litigation that a claim received by an insurer is invalid and should not be paid by the insurer, receiving all necessary information, Defendant did not delay in making payments for more than 60 days, as refuted in current live pleading against Defendant.

RESPONSE:

14.     State the name, address, and telephone number of each policyholder who gave Defendant written notice, within the last five years, of a complaint about Defendant's handling of first party claims for property damage coverage under homeowner insurance policies in Texas.

RESPONSE:

15.     State the name, address, and telephone number of each policyholder from whom Defendant recorded a complaint, within the last five years, about Defendant's handling of first party claims for property damage coverage under homeowner policies in Texas.

RESPONSE:

16.     For each complainant identified in the responses to interrogatories 14 and 15, state whether any communication was exchanged between Defendant and any Texas governmental regulatory agency regarding the complaint. If the response is yes, for any such complainant, state the name of the agency, the name of the government's representative with whom Defendant exchanged communication, and the reason for the governmental agency's involvement.

RESPONSE:

17.     For each investigation by a Texas governmental agency within the last five years into Defendant's practices when handling first party claims for property damage coverage under homeowner/commercial policies, state the name of the agency, the names of all investigators, and the names of all government representatives with whom Defendant communicated for purposes of the investigation.

RESPONSE:

18.     Identify by name, address, and telephone number, all persons and or entities that have filed property damage claims, hurricane damage claims, hail damage claims, water damage claims, roof damage claims and/or wind damage claims with Defendant that have been adjusted by any and all adjusters assigned to claim made the basis of this Lawsuit, from the time of hiring through the present.

RESPONSE:

19.     Please state whether Defendant took, or is aware of the taking of, a recorded statement and/or examination under oath of any representative, or agent of, or any person employed by, Texas regarding the claim made the basis of this lawsuit. If a recorded statement and/or examination under oath was taken, please state the date it was taken and the name of the person taking the statement. Please also state whether the statement was transcribed, where the statement is currently located, and/or the last place Defendant saw a transcription of same.

RESPONSE:

20.     Identify by name, address, and telephone number, all persons and/or entities, agency or agents, and brokers that have issued Policy.

RESPONSE:

21.     Identify by name, address, and telephone number, all persons and/or entities, agency or agents, and brokers that prepared Policy including the Property made basis of the claim(s).

RESPONSE:

22.     Identify by name or company name, address, and telephone number any engineer(s) and/or engineering company(s), used to evaluate claim(s), the name(s) of each prior claim each such person(s) and/or company(s) worked for Defendant, the date(s) of the reports, and the address of the Property for which the inspection was done.

RESPONSE:

23.     For each of the above listed engineer(s) or engineering company(s), list the compensation received from Defendant for any services and work performed in the last five years.

RESPONSE:

CAUSE NO._____

| | | |
|---|---|---|
| GUY BAILEY | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY AND | § | |
| JANET SMITH | § | TARRANT COUNTY, TEXAS |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT JANET SMITH**

TO:     DEFENDANT JANET SMITH, 5022 Highway 90A, Suite S, Sugarland, Texas 77498.

Pursuant to Rule 197 of the Texas Rules of Civil Procedure, Plaintiff requests that the above-named Defendant, JANET SMITH (hereinafter referred to as "Defendant"), disclose, within fifty (50) days after the date of service of this request, the information or material described in the following set of interrogatories.

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone:     (210) 490-7402
Telefacsimile:  (210) 490-8372

BY:     /s/ Robert A. Pollom_____
ROBERT A. POLLOM
State Bar No. 24041703
robert@krwlawyers.com
JAKE S. ROGIERS
State Bar No. 24069066
jake@krwlawyers.com

ATTORNEYS FOR PLAINTIFF

INSTRUCTIONS

1.      Answer each request for documents separately by listing the documents and by describing them as defined below. If documents are numbered for production, in each response provide both the information that identifies the document and the document's number(s). There is a duty to supplement any answer made to the request for documents when the original answer is no longer true, or was incorrect or incomplete when made.

2.      For each document or other requested information that you assert is privileged or is not discoverable, identify that document or other requested information. State the specific grounds for the claim of privilege or other applicable ground for exclusion. Also, for each document you claim is not discoverable, state the date of the document, the name, job title, and address of the person who prepared it; the name, address and job title of the person to whom it was addressed, circulated, or who saw it; the name, job title, and address of the person now in possession of the document; a description of the subject matter of the document; the document's present location; and the custodian for the document.

3.      For a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence or could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

4.      The documents produced pursuant to the following requests for documents are considered to be authentic unless a proper objection is asserted as to the documents' authenticity under the Texas Rules of Civil Procedure.

DEFINITIONS

The following definitions shall have the following meanings, unless the context of the requests for documents require otherwise:

1.    "PLAINTIFF" means GUY BAIELY, along with his family members, agents, representatives, and all other persons acting in concert with him, or under his control, whether directly or indirectly, including any attorney.

2.    "DEFENDANT," means JANET SMITH, along with his agents, representatives, and all other persons acting in concert with him, or under his control, whether directly or indirectly, including any attorney.

3.    "DOCUMENT," "DOCUMENTS" and "DOCUMENTATION" are used in their broadest sense and mean all written, printed, typed, recorded, or graphic matter of every kind and description, source and authorship, both originals and all nonidentical copies thereof, and all written, printed, typed, recorded, or graphic matter of every kind and description, both originals and copies, and all attachments and appendices thereto, in your possession, custody or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative or private entity or person. Without limiting the foregoing, the terms "document" and "documents" include handwritten, typewritten, printed, photocopied, photographic or recorded, stenographic, computer-generated, computer-installed or electronically stored matters, however and by whomever produced, prepared, reproduced, disseminated or made, and includes communications in words, symbols, pictures, sound recordings, films, tapes and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instruction and other materials necessary to understand and use such systems. For purposes of illustration and no limitation, "documents" includes: accounts; advertising; affidavits; agendas; agreements; analyses; analytical records; announcements; appointment books; appraisals; articles; bills; statements and other records of obligations and expenditures; books; brochures; bulletins; calendars; checks; cancelled checks, vouchers, receipts and other records of payments; charts, drawings; check registers; checkbooks; circulars; collateral files and contents; communications; compilations; confirmations; consultant's reports; contracts; corporate by-laws; corporate charters; correspondence; credit files and contents; data compilations from which information can be obtained (including matter used in data processing); deeds of trust; deposit slips, diaries, diary entries; drafts; envelopes; folders or similar containers; expense reports; facsimile transmissions; files; film tape; financial statements; forecasts; graphs; guaranty agreements; instructions, invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; letters of credit; lists; log books; logs, notes or memoranda of telephonic or face-to-face conversations; manuals; maps, marginal notations; memoranda of all kinds to and from any persons, agencies or entities; messages; microfilm; microfiche; minutes; minute books; notes; notebooks; notices; pamphlets; parts lists; papers; photographs, press releases; printed

matter (including published books, articles, speeches and newspaper clippings); printouts; programs; punch cards; purchase orders; receipts; recommendations; records; records of administrative, technical and financial actions taken or recommenced; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; sell orders; sound recordings; specifications; speeches; statement of bank accounts; statements, interviews; statistical data; statistical statements, stock transfer ledger; studies; surveys; tables; tabulations; tape or disk recordings; tape programs; technical and engineering reports, evaluations; advice; recommendations; commentaries; conclusions; studies; test plans; manuals; procedures; data; reports; results and conclusions; summaries, minutes, notes and other records and recording of any conference, meetings, visits, negotiations, statement, interviews or telephone conversations; other summaries; telegrams; teletypes, telexes and other communications sent or received; time records; telephone bills or records; trade letters; transcripts of hearings; transcripts of testimony; UCC instruments; video recordings; visitor records; vouchers; work assignments; work sheets; work papers; and all other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored or electronically stored matter, however or by whomever produced, prepared, reproduced, disseminated or made, the contents of which relate to, discuss, consider or otherwise refer to the subject matter of the particular discovery requested.

4.      "PERSON" includes individuals, associates of individuals, partnerships, joint-stock companies, corporations, or trustee or receiver of an individual, association of individuals, joint-stock company or corporation, and any other type of entity or institution, whether formed for business or any other purposes.

5.      "PARTY" shall mean any party whomsoever to the dispute, and includes each party's agents, employees, attorneys, representatives, predecessors, successors, affiliates, partners, officers, directors, principals and any and all other persons acting or purporting to act on the party's behalf or under the party's control. For purposes of the duty to supplement, the term also includes entities, which become parties subsequent to the date this request for documents is served.

6.      "RELATING TO" and or "RELATES TO" means in whole or in part constituting, containing, concerning, embodying, reflecting, describing, analyzing, identifying, stating, referring to, or dealing with, or in any way pertaining to.

7.      "CONCERNING" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, and constituting.

8.      "COMMUNICATION" means the transmission, sending and/or receipt of information of any kind by or through any means, including but not limited to speech, writings, language (machine, foreign or otherwise), computer electronics of any kind (e.g., email), magnetic tape, videotape, photographs, graphs, symbols, signs, magnetic or optical disks, "floppy disks", CD-ROM disks, sound, radio or video signals, telecommunication, telephone teletype, facsimile, telegraph, microfilm, microfiche, photographic film of any type and other media of any kind. The term "communication" also includes, without limitations, all "records" (as hereafter defined) and all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, notices, requests, responses, demands, complaints, and press, publicity or trade releases.

9.    "RECORD(S)" means all documents and writings of any kind, and all communications (as defined above) which are stored or retrievable or recorded in any manner, including originals and all non-identical copies whether different from the originals by notation made on such copies or otherwise, all drafts, alterations, modifications, changes and amendments, graphic any electronic or mechanical records or representation of any kind, created during the period 2000 to present. Any electronic records or computer data which may exist shall be produced in ASCii comma delimited to fixed length filed format and shall include all files, records, instructions, codes or other information necessary to retrieve the data. Electronic data should be produced in Microsoft Access 95 or Microsoft Access 95, 97 or.2000 (MDB) formal, Dbase (DU) format, Excel (xls) format or ASCii comma delimited or fixed length format (txt) and shall include all file, record and field format definitions and the instructions, codes or information necessary to retrieve the data. Such electronic data should be provided on one of the following media. Zip disk, Jaz disk, CD-ROM or 3.5" floppy disk.

10.    "DATE" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

11.    "DESCRIBE" and "IDENTIFY," when referring to a person, require statements of the following:

    a      The full name.
    b.     The present or last known residential address.
    c.     The present or last known residential and office telephone numbers.
    d.     The present occupation, job title, employer, and employer's address at the time of the event   or period referred to in each particular request.
    e.     In the case of any person other than an individual, identify the officer, employee, or agent   most closely connected with the subject matter of the request and identify the officer who is   responsible for supervising that officer or employee.

12.    "DESCRIBE" and IDENTIFY," when referring to a document, are defined to require that you state the following:

    a.     The nature (e.g., letter, handwritten note) of the document
    b.     The title or heading that appears on the document
    c      The date of the document and the date of each addendum supplement, or other addition or change.
    d.     The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.

    e      The present location of the document, and the name, address, position, or title, and telephone number of the person or person having custody of the document.

13.    The words "AND" and "OR" should be construed either conjunctively or disjunctively as required by the context to bring within the scope of these discovery requests any answer, response or document that might be deemed outside its scope by another construction.

14.    "PERTAINS TO" or "PERTAINING TO" means relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, supports, corroborates, demonstrates, proves, evidences, shows, reflects, refutes, disputes, rebuts, controverts or contradicts.

15.    " RESIDENCE" and/or "PROPERTY" refers to the home located at 1011 Tanglewood Drive, Mansfield, Texas 76063.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT JANET SMITH

1.   Identify all email accounts, email addresses, and/or any alias or code used to identify you and used for any communication relating to your work handling hail and/or windstorm claims arising out of Tarrant County hail storm occurring on or about March 23, 2016.  This request is limited only to the carrier of the claim that is the subject of this Lawsuit.

     RESPONSE:

2.   Identify generally the training or experience you had in adjusting hail and/or windstorm damage and any specific training you had for this storm prior to your handling of claim made the basis of this Lawsuit.

     RESPONSE:

3.   Identify any degrees, Texas insurance licenses (unless you qualified for adjusting claims in Texas on an emergency basis, then list any insurance licenses you held from other states) or certifications you had at the time you handled the claim made the basis of this Lawsuit.

     RESPONSE:

4.   Explain how you were compensated and by whom for your work on claims arising out of the Tarrant County hail storm occurring on or about March 23, 2016, stating the amount you were compensated per claim, per day, and/or per week and identifying any bonus or incentive plans. To the extent the produced personnel file includes a compensation schedule, you may refer to such personnel file.

     RESPONSE:

5.   Identify the following dates:

     a.   The date you first obtained an adjuster license in the State of Texas;
     b.   The first date you were hired/retained by the insurance company defendant or any other defendant in this Lawsuit to adjust property damage claims;
     c.   The date you were first assigned to handle Tarrant County hail storm occurring on or about March 23, 2016;
     d.   The date you closed your file on the claim made the basis of this Lawsuit; and
     e.   The last date you worked on any Tarrant County hail storm occurring on or about March 23, 2016.

     RESPONSE:

6.   Describe in detail each inspection you conducted of the Property made the basis of this Lawsuit, identifying:
    a. The name and job title of any person who inspected the Property with you;
    b. The date of each inspection;
    c. The purpose of each inspection;
    d. The length of time of each inspection;
    e. The equipment or tools used during each inspection;
    f. The areas of the Property inspected (i.e. roof, attic, individual rooms, exterior); and
    g. Any documents generated during or as a result of each inspection, including the persons and/or entities in possession of those documents.

RESPONSE:

7.   Following the inspection(s), did you engage in any additional communications (*e.g.,* telephone, in person, written communication) with Plaintiff(s)? If yes, provide the following information:

    a. the date of such communication(s);
    b. the manner of such communication(s);
    c. the person to whom You communicated;
    d. the reason for the communication(s);
    e. for any telephonic communication(s), identify who initiated the phone call, and the telephone number from which you called or on which you received the call; and
    f. the general substance of the communication.

RESPONSE:

8.   Identify and describe all damage you observed during your inspection(s) of the claim made the basis of this Lawsuit. To the extent the damage you observed during your inspection is reflected in scope notes and photographs, you can refer Plaintiffs to such scope notes and/or photographs.

RESPONSE:

9.   For all damage observed at the Property or reflected in your scope notes and/or photographs, state what you believe to be the cause of the damage, describing the investigatory steps you took to determine the cause, and identify all person(s) and/or entity(ies) that provided information or participated in that determination.

RESPONSE:

10.  To the extent you applied or recommended policy exclusions, identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion applied or recommended, state the factual reason(s) that the exclusion was applied or recommended.

RESPONSE:

11.     Identify the information you used to determine and how you calculated the amount of depreciation that you applied to any damage categories included in any estimates you prepared and/or approved on the claim made the basis of this Lawsuit.

        RESPONSE:

12.     How did you determine whether you would or would not apply overhead and profit (O&P) to Plaintiff's claim?

        RESPONSE:

13.     Identify all documents that you relied upon in the adjustment of the claim made the basis of this Lawsuit. For each document, identify who provided the document.

        RESPONSE:

14.     Identify all documents or information you requested from Plaintiff during the investigation of the claim made the basis of this Lawsuit, the date the request was made, the person who communicated the request, and the Plaintiff(s) who received the request.

        RESPONSE:

15.     Identify all documents or items in your possession related to the claim made the basis of this Lawsuit that you did not submit to the insurance company and/or adjusting company assigned to this claim.

        RESPONSE:

16.     To the extent you are aware, identify all documents or items that were altered, revised, changed or removed from the documents or information you provided the insurance company or adjusting company relating to the claim made the basis of this Lawsuit.

        RESPONSE:

17.     Identify and describe any training, guidance or instruction provided to you by any person and/or entity regarding the handling of the claim arising out of the Tarrant County hail storm occurring on or about March 23, 2016.

        RESPONSE:

CAUSE NO._____

| | | |
|---|---|---|
| GUY BAILEY | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY AND | § | |
| JANET SMITH | § | TARRANT COUNTY, TEXAS |

## PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT JANET SMITH

TO:    DEFENDANT JANET SMITH, 5022 Highway 90A, Suite S, Sugarland, Texas 77498.

Pursuant to Rule 197 of the Texas Rules of Civil Procedure, you are requested to produce the following documents and tangible things at the Law Firm of Ketterman, Rowland and Westlund, 16500 San Pedro, Suite 302, San Antonio, Texas, 78232 within fifty (50) days of service of these Requests.

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone:    (210) 490-7402
Telefacsimile:  (210) 490-8372

BY:    /s/ Robert A. Pollom
ROBERT A. POLLOM
State Bar No. 24041703
robert@krwlawyers.com
JAKE S. ROGIERS
State Bar No. 24069066
jake@krwlawyers.com

ATTORNEYS FOR PLAINTIFF

Page 1 of 9

INSTRUCTIONS

1      Answer each request for documents separately by listing the documents and by
describing them as defined below. If documents are numbered for production, in each response
provide both the information that identifies the document and the document's number(s). There is a
duty to supplement any answer made to the request for documents when the original answer is no
longer true, or was incorrect or incomplete when made.

2.      For each document or other requested information that you assert is privileged or is not
discoverable, identify that document or other requested information. State the specific grounds for
the claim of privilege or other applicable ground for exclusion. Also, for each document you claim
is not discoverable, state the date of the document, the name, job title, and address of the person who
prepared it; the name, address and job title of the person to whom it was addressed, circulated, or
who saw it; the name, job title, and address of the person now in possession of the document; a
description of the subject matter of the document; the document's present location; and the
custodian for the document.

3.      For a document that no longer exists or cannot be located, identify the document, state how
and when it passed out of existence or could no longer be located, and the reasons for the
disappearance. Also, identify each person having knowledge about the disposition or loss of the
document, and identify any other document evidencing the lost document's existence or any facts about
the lost document.

4.      The documents produced pursuant to the following requests for documents are considered
to be authentic unless a proper objection is asserted as to the documents' authenticity under the Texas
Rules of Civil Procedure.

## DEFINITIONS

The following definitions shall have the following meanings, unless the context of the requests for documents require otherwise:

1.    "PLAINTIFF" means GUY BAILEY, along with his family members, agents, representatives, and all other persons acting in concert with him, or under his control, whether directly or indirectly, including any attorney.

2.    "DEFENDANT," means JANET SMITH, along with his agents, representatives, and all other persons acting in concert with him, or under his control, whether directly or indirectly, including any attorney.

3.    "DOCUMENT," "DOCUMENTS" and "DOCUMENTATION" are used in their broadest sense and mean all written, printed, typed, recorded, or graphic matter of every kind and description, source and authorship, both originals and all nonidentical copies thereof, and all written, printed, typed, recorded, or graphic matter of every kind and description, both originals and copies, and all attachments and appendices thereto, in your possession, custody or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative or private entity or person. Without limiting the foregoing, the terms "document" and "documents" include handwritten, typewritten, printed, photocopied, photographic or recorded, stenographic, computer-generated, computer-installed or electronically stored matters, however and by whomever produced, prepared, reproduced, disseminated or made, and includes communications in words, symbols, pictures, sound recordings, films, tapes and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instruction and other materials necessary to understand and use such systems. For purposes of illustration and no limitation, "documents" includes: accounts; advertising; affidavits; agendas; agreements; analyses; analytical records; announcements; appointment books; appraisals; articles; bills; statements and other records of obligations and expenditures; books; brochures; bulletins; calendars; checks; cancelled checks, vouchers, receipts and other records of payments; charts, drawings; check registers; checkbooks; circulars; collateral files and contents; communications; compilations; confirmations; consultant's reports; contracts; corporate by-laws; corporate charters; correspondence; credit files and contents; data compilations from which information can be obtained (including matter used in data processing); deeds of trust; deposit slips, diaries, diary entries; drafts; envelopes; folders or similar containers; expense reports; facsimile transmissions; files; film tape; financial statements; forecasts; graphs; guaranty agreements; instructions, invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; letters of credit; lists; log books; logs, notes or memoranda of telephonic or face-to-face conversations; manuals; maps, marginal notations; memoranda of all kinds to and from any persons, agencies or entities; messages; microfilm; microfiche; minutes; minute books; notes; notebooks; notices; pamphlets; parts lists; papers; photographs, press releases; printed matter (including published books, articles, speeches and newspaper clippings); printouts; programs; punch cards; purchase orders; receipts; recommendations; records; records of administrative, technical and financial actions taken or recommenced; reports; safety deposit boxes and contents and records of

entry; schedules; security agreements; sell orders; sound recordings; specifications; speeches; statement of bank accounts; statements, interviews; statistical data; statistical statements, stock transfer ledger; studies; surveys; tables; tabulations; tape or disk recordings; tape programs; technical and engineering reports, evaluations; advice; recommendations; commentaries; conclusions; studies; test plans; manuals; procedures; data; reports; results and conclusions; summaries, minutes, notes and other records and recording of any conference, meetings, visits, negotiations, statement, interviews or telephone conversations; other summaries; telegrams; teletypes, telexes and other communications sent or received; time records; telephone bills or records; trade letters; transcripts of hearings; transcripts of testimony; UCC instruments; video recordings; visitor records; vouchers; work assignments; work sheets; work papers; and all other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored or electronically stored matter, however or by whomever produced, prepared, reproduced, disseminated or made, the contents of which relate to, discuss, consider or otherwise refer to the subject matter of the particular discovery requested.

4.      "PERSON" includes individuals, associates of individuals, partnerships, joint-stock companies, corporations, or trustee or receiver of an individual, association of individuals, joint-stock company or corporation, and any other type of entity or institution, whether formed for business or any other purposes.

5.      "PARTY" shall mean any party whomsoever to the dispute, and includes each party's agents, employees, attorneys, representatives, predecessors, successors, affiliates, partners, officers, directors, principals and any and all other persons acting or purporting to act on the party's behalf or under the party's control. For purposes of the duty to supplement, the term also includes entities, which become parties subsequent to the date this request for documents is served.

6.      "RELATING TO" and or "RELATES TO" means in whole or in part constituting, containing, concerning, embodying, reflecting, describing, analyzing, identifying, stating, referring to, or dealing with, or in any way pertaining to.

7.      "CONCERNING" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, and constituting.

8.      "COMMUNICATION" means the transmission, sending and/or receipt of information of any kind by or through any means, including but not limited to speech, writings, language (machine, foreign or otherwise), computer electronics of any kind (e.g., email), magnetic tape, videotape, photographs, graphs, symbols, signs, magnetic or optical disks, "floppy disks", CD-ROM disks, sound, radio or video signals, telecommunication, telephone teletype, facsimile, telegraph, microfilm, microfiche, photographic film of any type and other media of any kind. The term "communication" also includes, without limitations, all "records" (as hereafter defined) and all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, notices, requests, responses, demands, complaints, and press, publicity or trade releases.

9.     "RECORD(S)" means all documents and writings of any kind, and all communications (as defined above) which are stored or retrievable or recorded in any manner, including originals and all non-identical copies whether different from the originals by notation made on such copies or otherwise, all drafts, alterations, modifications, changes and amendments, graphic or any electronic or mechanical records or representation of any kind, created during the period 2000 to present. Any electronic records or computer data which may exist shall be produced in ASCii comma delimited to fixed length filed format and shall include all files, records, instructions, codes or other information necessary to retrieve the data. Electronic data should be produced in Microsoft Access 95 or Microsoft Access 95, 97 or.2000 (MDB) formal, Dbase (DU) format, Excel (xls) format or ASCii comma delimited or fixed length format (txt) and shall include all file, record and field format definitions and the instructions, codes or information necessary to retrieve the data. Such electronic data should be provided on one of the following media. Zip disk, Jaz disk, CD-ROM or 3.5" floppy disk.

10.    "DATE" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

11.    "DESCRIBE" and "IDENTIFY," when referring to a person, require statements of the following:

      a       The full name.
      b.      The present or last known residential address.
      c.      The present or last known residential and office telephone numbers.
      d.      The present occupation, job title, employer, and employer's address at the time of the event   or period referred to in each particular request.
      e.      In the case of any person other than an individual, identify the officer, employee, or agent   most closely connected with the subject matter of the request and identify the officer who is  responsible for supervising that officer or employee.

12.    "DESCRIBE" and IDENTIFY," when referring to a document, are defined to require that you state the following:

      a.      The nature (e.g., letter, handwritten note) of the document
      b.      The title or heading that appears on the document
      c       The date of the document and the date of each addendum supplement, or other addition or change.
      d.      The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.
      e       The present location of the document, and the name, address, position, or title, and telephone number of the person or person having custody of the document.

13.    The words "AND" and "OR" should be construed either conjunctively or disjunctively as required by the context to bring within the scope of these discovery requests any answer, response or document that might be deemed outside its scope by another construction.

14.    "PERTAINS TO" or "PERTAINING TO" means relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, supports, corroborates, demonstrates, proves, evidences, shows, reflects, refutes, disputes, rebuts, controverts or contradicts.

16.    " RESIDENCE" and/or "PROPERTY" refers to the home located at 1011 Tanglewood Drive, Mansfield, Texas 76063.

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT JANET SMITH

1.     All documents related to Plaintiff(s), the Property, the Policy, and/or the claim made the basis of this Lawsuit.

       RESPONSE:

2.     All licenses or certifications that are identified in response to Interrogatory Number 2.

       RESPONSE:

3.     All training documents you have for adjusting hail and/or windstorm claims. This request is limited to the past 2 years.

       RESPONSE:

4.     All applications you submitted (or submitted on your behalf) for purposes of obtaining a license to adjust claims in the State of Texas that were in effect at the time of the Tarrant County hail storm occurring on or about March 23, 2016.

       RESPONSE:

5.     All resumes for the last five (5) years.

       RESPONSE:

6.     All applications for employment you submitted for purposes of obtaining employment as an adjuster and/or claims handler in the State of Texas. This request is limited to the five (5) years preceding the Tarrant County hail storm occurring on or about March 23, 2016.

       RESPONSE:

7.     All documents you relied upon in the adjustment of the claim made the basis of this Lawsuit.

       RESPONSE:

8.     To the extent you made a determination or recommendation regarding depreciation, all documents relating to the application of depreciation on a homeowners property claim in the State of Texas for the past two (2) years.

       RESPONSE:

9.   To the extent you made a determination or recommendation regarding overhead and profit, all documents relating to the application of overhead and profit on a homeowners property claim in the State of Texas for the past two (2) years.

     RESPONSE:

10.  All documents or items in your possession related to the claim made the basis of this Lawsuit that you did not submit to the insurance company and/or adjusting company assigned to this claim.

     RESPONSE:

11.  All documents meant to instruct, advise, or guide the handling or adjusting hail and/or windstorm claims in the State of Texas for the last 2 years.

     RESPONSE:

12.  All training manuals in effect at the time of Plaintiff's claim used for software programs utilized in the claim made the basis of this lawsuit.

     RESPONSE:

13.  All documents relating to any performance reviews or evaluations by the carrier of the underlying claim, whether formal or informal, regarding your handling of the claim arising out of the Tarrant County hail storm occurring on or about March 23, 2016.

     RESPONSE:

14.  All documents relating to any Texas Department of Insurance complaints made against you by an insured related to claims arising out of the Tarrant County hail storm occurring on or about March 23, 2016.

     RESPONSE:

15.  All contracts, indemnity agreements, and/or confidentiality agreements between you and the adjusting company and/or insurance company in effect during the handling of the claim arising out of the Tarrant County hail storm occurring on or about March 23, 2016.

     RESPONSE:

16.     All price lists used by you in handling claims arising out of the Tarrant County hail storm occurring on or about March 23, 2016. To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

        RESPONSE:

17.     All weather reports regarding wind and/or hail relied upon by you in handling of the claim arising out of the Tarrant County hail storm occurring on or about March 23, 2016.

        RESPONSE:

18.     All correspondence to or from the adjusting company and/or the insurance company that issued the policy regarding modifying/modifications to the unit price cost and the price list you used in handling the claim arising out of the Tarrant County hail storm occurring on or about March 23, 2016

        RESPONSE:

153-294413-17

FILED
TARRANT COUNTY
10/12/2017 11:22 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 153-294413-17

| | | |
|---|---|---|
| GUY BAILEY | § | IN THE DISTRICT COURT |
|     Plaintiff | § | |
| | § | |
| v. | § | TARRANT COUNTY,TEXAS |
| | § | |
| ALLSTATE VEHICLE AND | § | |
| PROPERTY INSURANCE | § | |
| COMPANY AND JANET SMITH | § | 153RD JUDICIAL DISTRICT |
|     Defendants | | |

## MOTION FOR NONSUIT WITHOUT PREJUDICE AS TO DEFENDANT JANET SMITH

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Guy Bailey, and files this, his Motion for Non-Suit without Prejudice and respectfully requests that the Court dismiss without prejudice all of its claims against Defendant, JANET SMITH, 5022 Highway 90A, Suite S, Sugarland, Texas 77498.

Plaintiff no longer wishes to prosecute its causes of action against Defendant JANET SMITH, 5022 Highway, 90A, Suite S, Sugarland, Texas 77498 and requests that the Court nonsuit Plaintiff's causes of action against Defendant JANET SMITH, 5022 Highway, 90A, Suite S, Sugarland, Texas 77498 without prejudice to the refiling of the same.

WHEREFORE, PREMISES CONSIDERED Plaintiff requests that the Court grant this Motion for Non-Suit without Prejudice as to JANET SMITH, 5022 Highway, 90A, Suite S, Sugarland, Texas 77498

Respectfully submitted,

**KETTERMAN ROWLAND & WESTLUND**

**/s/ Jake Rogiers**
Jake Rogiers
State Bar No. 24069066
Robert A. Pollom
State Bar No. 24041703
16500 San Pedro, Suite 302
San Antonio, Texas 78232
(210) 490-7402 Telephone
(210) 490-8372 Facsimile
 jake@krwlawyers.com
 robert@krwlawyers.com
  **ATTORNEYS FOR THE PLAINTIFF**

153-294413-17

FILED
TARRANT COUNTY
10/12/2017 12:16 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 153-294413-17

| | | |
|---|---|---|
| GUY BAILEY | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| v. | § | TARRANT COUNTY,TEXAS |
| | § | |
| ALLSTATE VEHICLE AND | § | |
| PROPERTY INSURANCE | § | |
| COMPANY AND JANET SMITH | § | 153RD JUDICIAL DISTRICT |
| Defendants | | |

## AMENDED MOTION FOR NONSUIT WITHOUT PREJUDICE AS TO DEFENDANT JANET SMITH

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Guy Bailey, and files this, his Amended Motion for Non-Suit without Prejudice and respectfully requests that the Court dismiss without prejudice all of its claims against Defendant, JANET SMITH, 5022 Highway 90A, Suite S, Sugarland, Texas 77498.

Plaintiff no longer wishes to prosecute its causes of action against Defendant JANET SMITH, 5022 Highway, 90A, Suite S, Sugarland, Texas 77498 and requests that the Court nonsuit Plaintiff's causes of action against Defendant JANET SMITH, 5022 Highway, 90A, Suite S, Sugarland, Texas 77498 without prejudice to the refiling of the same.

WHEREFORE, PREMISES CONSIDERED Plaintiff requests that the Court grant this Motion for Non-Suit without Prejudice as to JANET SMITH, 5022 Highway, 90A, Suite S, Sugarland, Texas 77498

Respectfully submitted,

**KETTERMAN ROWLAND & WESTLUND**

**/s/ Jake Rogiers**
Jake Rogiers
State Bar No. 24069066
Robert A. Pollom
State Bar No. 24041703
16500 San Pedro, Suite 302
San Antonio, Texas 78232
(210) 490-7402 Telephone
(210) 490-8372 Facsimile
jake@krwlawyers.com
robert@krwlawyers.com
**ATTORNEYS FOR THE PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion has been served on this the 12th day of October, 2017 to the following:

Janet Smith
5022 Hwy 90A, Ste. S
Sugarland, Texas 77498
Via Email: jan.smith.cco9@statefarm.com

Allstate Vehicle and Property Insurance Company
CT Corporation 1999
Bryan Street, Suite 900
Dallas, Texas 75201

/s/ Jake Rogiers
JAKE ROGIERS

153-294413-17

CAUSE NO. 153-294413-17

| | | |
|---|---|---|
| GUY BAILEY | § | IN THE DISTRICT COURT |
|     Plaintiff | § | |
| | § | |
| v. | § | TARRANT COUNTY,TEXAS |
| | § | |
| ALLSTATE VEHICLE AND | § | |
| PROPERTY INSURANCE | § | |
| COMPANY AND JANET SMITH | § | 153RD JUDICIAL DISTRICT |
|     Defendants | | |

## AMENDED ORDER GRANTING MOTION FOR NONSUIT WITHOUT PREJUDICE

On this day, the Court considered the Amended Motion for Non-Suit without Prejudice as to Defendant, JANET SMITH, 5022 Highway 90A, Suite S, Sugarland, Texas 77498 and the Court, after considering the motion and evidence before it, is of the opinion that the motion shall be GRANTED. It is therefore,

ORDERED, ADJUDGED, and DECREED that this case against Defendant, JANET SMITH, 5022 Highway 90A, Suite S, Sugarland, Texas 77498 is dismissed without prejudice. It is further,

ORDERED, ADJUDGED and DECREED that all costs are to be paid by the party incurring same.

SIGNED this _____18th_____ day of _____October_____, 2017.

_____
JUDGE PRESIDING



**ENTRY REQUESTED BY:**

/s/ Jake Rogiers_____
Jake Rogiers
Robert A. Pollom
KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Ste 302
San Antonio, Texas 78232
(210) 490-7402
(210) 490-8372 Facsimile
jake@krwlawyers.com
robert@krwlawyers.com
**ATTORNEYS FOR PLAINTIFFS**

*Please forward the executed Order to the following:*

Jake Rogiers Robert
A. Pollom
KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
(210) 490-4357- Telephone
(210) 490-8372 Facsimile
jake@krwlawyers.com
robert@krwlawyers.com

Janet Smith
5022 Hwy 90A, Ste. S
Sugarland, Texas 77498
Via Email: jan.smith.cco9@statefarm.com

Allstate Vehicle and Property Insurance Company
CT Corporation 1999
Bryan Street, Suite 900
Dallas, Texas 75201



153-294413-17

FILED
TARRANT COUNTY
10/20/2017 12:01 AM
THOMAS A. WILDER
DISTRICT CLERK

# THE STATE OF TEXAS
## DISTRICT COURT, TARRANT COUNTY

### *CITATION*                           *Cause No. 153-294413-17*

GUY BAILEY

VS.

ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, ET

TO: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

B/S REG AGT-CT CORPORATION 1999 BRYAN ST STE 900 DALLAS, TX 75221-

You said DEFENDANTS are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION
at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 153rd District Court
.101 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFF being

GUY BAILEY

Filed in said Court on August 31st, 2017 Against
ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, JANET SMITH

For suit, said suit being numbered 153-294413-17 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION a copy of which accompanies this citation.

JAKE ROGIERS
Attorney for GUY BAILEY Phone No. (210)490-4357
Address    16500 SAN PEDRO AVE STE 302 SAN ANTONIO, TX 78232

_____ Thomas A. Wilder _____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 5th day of September, 2017.

By *Anthony Ferrara*

ANTHONY FERRARA



A CERTIFIED COPY
ATTEST 98/10/2017
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY by Anthony Ferrara

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

---

### OFFICER'S RETURN *15329441317000013*

Received this citation on the _____ day of _____, _____ at _____ o'clock ___M. and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the ___ day of _____, _____ by delivering to the within named (Def(s).: _____
defendant(s), a true copy of this citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION
, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____
County of _____ State of_____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____.
to certify which witness my hand and seal of office
(Seal)
County of _____, State of _____

## *CITATION*

Cause No. 153-294413-17

GUY BAILEY

—VS. -

ALLSTATE VEHICLE AND
PROPERTY INSURANCE COMPANY, ET

ISSUED

This 5th day of September, 2017

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By       ANTHONY FERRARA Deputy

JAKE ROGIERS
Attorney for: GUY BAILEY
Phone No. (210)490-4357
ADDRESS: 16500 SAN PEDRO AVE STE 302

SAN ANTONIO, TX 78232

## *CIVIL LAW*



*15329441317000013*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
ORIGINAL



**CAUSE NO. 153-294413-17**

| | | |
|---|---|---|
| Guy Bailey | § | IN THE COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | TARRANT COUNTY, TEXAS |
| | § | |
| Allstate Vehicle and Property Insurance Company | § | |
| Defendant. | § | 153RD DISTRICT COURT |

## AFFIDAVIT OF SERVICE - CERTIFIED MAIL

On this day personally appeared **Raul M. Davila** who, being by me duly sworn, deposed and said:

"The following came to hand on **Sep 12, 2017, 9:45 am**.

**PLAINTIFF'S ORIGINAL PETITION, REQUESTS FOR DISCLOSURE, FIRST SET OF INTERROGATORIES, FIRST SET OF REQUEST FOR PRODUCTION, AND FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANT,**

and was executed on **October 13, 2017** by mailing to **Allstate Vehicle and Property Insurance Company by serving CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201,** by regular mail and by Certified Mail, Return Receipt Requested, Receipt No. 7017 1450 0001 9722 4996, a true copy of this citation.

The regular mail envelope was not returned. PS Form 3811 was returned on October 18, 2017 having been signed on October 13, 2017 and is attached hereto.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

**Raul M. Davila**
SCH-11624 Exp. 06/31/2018

**BEFORE ME,** a Notary Public, on this day personally appeared **Raul M. Davila**, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct

SUBSCRIBED AND SWORN TO ME ON _Oct .19, 2017_

Notary Public, State of Texas

GRACE DUCATE
NOTARY PUBLIC
ID# 6125044
State of Texas
Comm Exp 07-12-2020

**U.S. Postal Service™**
## CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

DALLAS, TX 75201

| | |
|---|---|
| Certified Mail Fee | $3.35 |

$2.75        0201
                    06

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $_____
☐ Return Receipt (electronic)      $ $0.00
☐ Certified Mail Restricted Delivery $ $0.00          Postmark
☐ Adult Signature Required         $_____            Here
☐ Adult Signature Restricted Delivery $ $0.00

Postage                    $.10          10 2017

Total Postage and Fees
$13.20                                   10/10/2017

Sent To
CT Corporation System TX

Street and Apt. No., or PO Box No.
1999 Bryan St., Ste. 900

City, State, ZIP+4®
Dallas, TX 75201

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

---

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CT Corporation System
1999 Bryan Street, Ste. 900
Dallas, TX 75201

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 3308 7196 7085 89

2. Article Number (Transfer from service label)
7017 1450 0001 9722 4996

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____            ☐ Agent
                             ☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery
Chris Wells

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature                    ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery ☐ Registered Mail™
☐ Certified Mail®                    ☐ Registered Mail Restricted
☐ Certified Mail Restricted Delivery    Delivery
☐ Collect on Delivery                ☐ Return Receipt for
☐ Collect on Delivery Restricted Delivery  Merchandise
☐ Insured Mail                       ☐ Signature Confirmation™
☐ Insured Mail Restricted Delivery   ☐ Signature Confirmation
   (over $500)                          Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt

FILED
TARRANT COUNTY
10/12/2017 6:41 PM
THOMAS A. WILDER
DISTRICT CLERK

# THE STATE OF TEXAS
# DISTRICT COURT, TARRANT COUNTY

*CITATION* *Cause No. 153-294413-17*

GUY BAILEY

VS.

ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, ET

TO: JANET SMITH

5022 HWY 90A STE 3 SUGARLAND, TX 77498-

You said DEFENDANTS are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof before the 153rd District Court ,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFF being

GUY BAILEY

Filed in said Court on August 31st, 2017 Against
ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, JANET SMITH

For suit, said suit being numbered 153-294413-17 the nature of which demand is as shown on said PLAINTIFF'S ORIGINAL PETITION a copy of which accompanies this citation.

JAKE ROGIERS
Attorney for GUY BAILEY Phone No. (210)490-4357
Address 16500 SAN PEDRO AVE STE 302 SAN ANTONIO, TX 78232

Thomas A. Wilder , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the 5th day of September, 2017.

By Anthony Ferrara
ANTHONY FERRARA

A CERTIFIED COPY
ATTEST: 10/09/2017
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Anthony Ferrara

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

## OFFICER'S RETURN *15329441317000014*

Received this Citation on the ______ day of ______________________, _____ at _____ o'clock __M; and executed at ______________________ within the county of ______________, State of ________ at _______ o'clock __M on the _______ day of _______________, _____ by delivering to the within named (Def.): ______________________ defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION , having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: ______________________________
County of ______________________ State of ________ By ______________________ Deputy

Fees $________ ______________________________

State of ____________ County of ______________________ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said ______________________ before me this _____ day of ________, ____
to certify which witness my hand and seal of office
(Seal)

______________________________
County of ________________, State of ________________

## CITATION

Cause No. 153-294413-17

GUY BAILEY

VS.

ALLSTATE VEHICLE AND
PROPERTY INSURANCE COMPANY, ET

ISSUED

This 5th day of September, 2017

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By      ANTHONY FERRARA Deputy

JAKE ROGIERS
Attorney for: GUY BAILEY
Phone No. (210)490-4357
ADDRESS: 16500 SAN PEDRO AVE STE 302

SAN ANTONIO, TX 78232

## CIVIL LAW



*15329441317000014*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
ORIGINAL



CAUSE NO. 153-294413-17

| | | |
|---|---|---|
| GUY BAILEY | • | IN THE DISTRICT COURT OF , |
| *Plaintiff,* | • | |
| | • | |
| vs. | • | 153RD JUDICIAL DISTRICT |
| | • | |
| ALLSTATE VEHICLE and PROPERTY | • | |
| INSURANCE COMPANY, ET AL | • | |
| *Defendant's.* | • | TARRANT COUNTY, T E X A S |

---

### AFFIDAVIT OF COMPLETED SERVICE ON
### JANET SMITH

| | |
|---|---|
| STATE OF TEXAS | • |
| COUNTY OF HARRIS | • |

I, the undersigned, individually, make the following representation and I have personal knowledge of he facts and statements contained in the affidavit and each is true and correct.

1. I am not less than 18 years of age.
2. I am an individual residing in the State of Texas and the county of Brazoria. I am authorized by the Supreme Court of the State of Texas to deliver civil process and/or other notices from the courts conforming to the provision of Revised Order Rule 103/536 Texas Rules of Civil Procedures as set forth by Supreme Court of the State of Texas. I am licensed under SCH#12076.
3. I am not a party nor have an interest in the outcome of the above numbered cause.
4. I have never been convicted of a felony or misdemeanor involving moral turpitude in any county, state or federal jurisdiction.

On October 3, 2017 @ 2:08 p.m. I received the Citation and Plaintiff's Original Petition to Defendants, Cause No. 153-294413-17; Guy Bailey vs. Allstate Vehicle and Property Insurance Company, et al, In the 153rd Judicial District Court, Tarrant County, Texas.

These documents were to be delivered to *Janet Smith at 5022 Highway 90A, #S, Sugar Land, Texas 77498.*

*On October 9, 2017 @ 3:04 p.m. I personally and successfully served Janet Smith at the listed address without incident.*

Lisa G. Moberg, SCH#12076 Exp. 06/30/19

On this day, Lisa G. Moberg, known to me to be the person whose signature appeared on the forgoing affidavit, personally appeared. After being duly sworn, she stated that this affidavit is true and correct.

SWORN AND SUBSCRIBED BEFORE ME, on OCTOBER 9, 2017.

Notary Public

JUSTIN W. SCHRICK
My Notary ID # 130857725
Expires June 13, 2020